21 N.J. Super. 401 (1952)
91 A.2d 341
OZA MERTZ LONG, AS ADMINISTRATRIX, ETC., PLAINTIFF-APPELLANT,
v.
WILLIAM L. MERTZ AND ANOTHER, ETC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued and decided September 15, 1952.
*402 Before Judges McGEEHAN, BIGELOW and SMALLEY.
Mr. Raymond C. Connell argued the cause for the appellant.
*403 Mr. Francis W. Hayden argued the cause for the respondents (Messrs. Crummy & Consodine, attorneys; Mr. Andrew B. Crummy, of counsel; Mr. John K. Bangs, on the brief).
At the conclusion of the argument, the court conferred and then affirmed the judgment for the reasons stated orally by BIGELOW, J.A.D.
We are satisfied that the decree should be affirmed and see no reason for deferring the pronouncement of the judgment.
The plaintiff's intestate was in partnership with the defendants. Upon his death, the surviving partners, that is, the defendants, continued the business and under our statute became liable to account to the plaintiff for the decedent's interest in the business. R.S. 42:1-43. There are also two small joint enterprises which were owned by the decedent and one of the defendants, but they require no particular mention. Two and one-half years after the death of the decedent, the plaintiff brought this action for an account. The case never came on for trial but a consent final judgment was entered, fixing the value of the decedent's interest in the assets and directing defendants to pay the amount so determined out of the partnership funds. The plaintiff appeals from so much of the final judgment as denied counsel fees and accounting expenses.
Now let me emphasize that the only judgment entered in this case was a consent judgment. There was no testimony taken; there was no trial; there was no determination of the facts by the court. A consent judgment does not lie in adjudication, so much as in the agreement between the parties. Spencer v. Fairclough, 137 N.J.L. 379 (E. & A. 1948). I think I can say that the court generally has no power to add to that judgment, as it would be doing if it assessed a counsel fee and accountant's fees against the defendants. If the defendants had been willing to pay those fees, they would have been inserted in the consent order. If the plaintiff had wanted to insist upon the fees, she should *404 not have entered the consent judgment but should have gone to trial.
But assuming the contrary, a counsel fee may be allowed only out of a fund in court. I think that Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433, at 493, decided this year, and its companion case, Haines v. Burlington County Bridge Commission, 8 N.J. 539, are quite clear in effect that under the circumstances here present there is no fund in court within the meaning of the rules which govern the allowance of counsel fees. But the appellant goes on to say that she created a fund or that she preserved a fund. The only fund that she created or preserved was the fund of $38,750 that the defendants are ordered to pay her. But she does not want to be paid a counsel fee or expenses out of that fund; she wants to be paid counsel fees and expenses in addition to the fund. She wants a personal judgment against the defendants.
Lastly, let me notice that if there were a fund in court, the allowance of a counsel fee out of it would be within the discretion of the trial court. We see no reason to disagree with the disallowance, because we have no proof of the facts before us. There is no ground for reversal.
Now as to the accountant's fees, the plaintiff relies on R.S. 22:1A-9 which, in receivership cases, includes in the taxed costs of the plaintiff or the receiver all "Actual disbursements (taxable)." The accountant's fees are not taxable expenses; this is not a receivership. There is no ground for a reversal either on the accounting fees or the counsel fees, and therefore the judgment is affirmed.