STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. EMANUAL MONTALBANO AND RALPH RUSSO, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued February 20, 1967—Decided March 8, 1967.

Before Judges GAULKIN, LEWIS and LABRECQUE.

*Mr. Samuel D. Bozza* argued the cause for appellants.

*Mr. George Franconero,* Assistant Prosecutor, argued the cause for respondent (*Mr. Brendan T. Byrne,* Essex County Prosecutor, attorney).

The opinion of the court was delivered by

GAULKIN, S. J. A. D. Defendants appeal from a dismissal of their motion for reconsideration and reduction of sentences previously imposed. We affirm.

Defendants Montalbano and Russo were convicted of conspiracy in March 1965 and sentenced on April 28, 1965. In an unreported *per curiam* opinion, decided May 17, 1966, we affirmed. Defendants petitioned for rehearing on May 26, 1966, but we denied the petition in an order filed June 9, 1966. On June 16 and 17, respectively, a supplemental petition for rehearing and a motion to stay the mandate were

filed. However, the mandate had already been issued on June 13, and it was filed in the Essex County Clerk's office on June 16. On June 28 we denied the supplemental petition for rehearing and the motion to stay the mandate.

On July 1, 1966 the trial court, having reassumed jurisdiction as directed by the mandate, stayed execution of the sentences for 45 days pending a petition for certification, which defendants filed on July 7. On August 9, a Supreme Court justice signed an order continuing the stay pending determination of the petition for certification. The petition was denied by the Supreme Court in an order filed September 20, 1966. *State v. Montalbano,* 48 *N. J.* 117 (1966).

On October 3, 1966 the trial judge signed an order extending the surrender date from October 4 to October 11, the return date of defendants' motion to reconsider and reduce their sentences. On October 11 the court dismissed said motion, holding that it was out of time, and from that order this appeal was taken.

*R. R.* 3:7–13(a) provides:

"The court may reduce or change a sentence by order entered * * * *not later than 20 days of the issuance of the mandate* by the appellate court." (Emphasis added)

*R. R.* 1:27B(c) forbids the court or parties to enlarge the period in which a motion for reconsideration may be made. ██ Upon the filing of our opinion judgment is entered, and a mandate issues ten days thereafter. *R. R.* 1:9–1(a); *R. R.* 2:9–1(b). But if a timely notice of a petition for certification is filed, the mandate may not issue unless otherwise ordered by the court. *R. R.* 2:9–1(b); *State v. Pillo,* 15 *N. J.* 99, 106, *certiorari* denied 348 *U. S.* 855, 75 *S. Ct.* 78, 99 *L. Ed.* 673 (1954). We hold that here the petition for certification was not timely, and therefore the motion for reduction of the sentence was made more than 20 days after the mandate.

To stay the mandate, the petition for certification had to be filed within 20 days of the entry of the judgment of the Appellate Division, *R. R.* 1:10–4(a), unless that period was

tolled by a timely application for rehearing. *R. R.* 1:3–3(e) ; 1:10–4(b) ; 2:2–3. Our opinion was filed on May 17, 1966 and judgment was then entered. Nine days elapsed before the defendants petitioned for a rehearing. Rehearing was denied on June 9, 1966. Thus, the mandate properly issued June 13. The petition for certification was not filed until July 7, 24 days after the mandate issued.

Defendants seemingly argue that the petition for certification was filed within 20 days after the supplemental petition for rehearing was denied, and that our mandate must be deemed stayed until we denied the supplemental petition. We disagree. The supplemental petition for rehearing was out of time.

Defendants also seem to argue that, regardless of whether their petition for certification was timely or not, the denial of that petition by the Supreme Court on September 20, 1966 was a "mandate" within the meaning of *R. R.* 3:7–13(a), and they had 20 days thereafter to make their application for reduction of sentence. We disagree. If that were true, a prisoner could at any time revive the right to seek a reduction of his sentence by the simple expedient of filing an out-of-time petition for certification and having it denied.

Affirmed.