115 N.J. Super. 224 (1971)
279 A.2d 110
EVELYN STEPHANIE STURDIVANT, PETITIONER-RESPONDENT,
v.
GENERAL BRASS & MACHINE CORP., RESPONDENT-APPELLANT. BELLA STURDIVANT, PETITIONER-RESPONDENT,
v.
GENERAL BRASS & MACHINE CORP., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 2, 1971.
Decided June 18, 1971.
*225 Before Judges KILKENNY, HALPERN and LANE.
Mr. Edwin J. McCreedy argued the cause for appellant General Brass & Machine Corp., (Messrs. Conant, Halberstadter & McGuire, attorneys; Mr. McCreedy, of counsel).
Mr. Leslie S. Kohn argued the cause for petitioner, Evelyn Stephanie Sturdivant (Messrs. Kohn, Kirsch & Needle, attorneys; Mr. Kohn, of counsel).
Messrs. Abromson and Cummis filed a statement in lieu of brief for petitioner, Bella Sturdivant.
The opinion of the court was delivered by HALPERN, J.A.D.
This is a consolidated dependency action under the Workmen's Compensation Act, N.J.S.A. 34:15-7 et seq., brought by the widow and mother of John Wesley Sturdivant who on February 20, 1967 suffered a fatal heart attack while working at respondent's plant.
The judge of compensation, and the County Court on appeal, determined that decedent's death resulted from a compensable accident which arose out of and during the course of his employment. On July 17, 1970 a judgment was entered *226 in favor of both petitioners awarding compensation benefits to them, the amounts of which are not in dispute.
Prior to the formal entry of judgment on July 17, 1970 respondent's counsel wrote to petitioner's counsel on June 16, 1970 as follows:
We are in receipt of Judge DiBuono's opinion affirming the judgment of the Division of Workmen's Compensation in the above captioned matter.
Please forward an Order for Judgment for our consent. Upon the signing and filing of same, you may forward us warrants to satisfy judgment and we will see that the same are paid.
In due course warrants for satisfaction of the July 17, 1970 judgment were mailed to respondent's counsel, who filed them with the Union County Clerk by July 27, 1970. Presumably, respondent's insurance carrier had mailed checks to respondent's counsel in full payment of the judgments for delivery to counsel for petitioners. However, before the checks were delivered to counsel for petitioners, a synopsis of the opinion in Walck v. Johns-Manville Products Corp., 56 N.J. 533 (1970) appeared in the August 20, 1970 issue of the New Jersey Law Journal (93 N.J.L.J. 603). On August 25, 1970 respondent's counsel wrote petitioners' counsel that in their opinion Walck represented a change in the decisional law in heart cases, and they intended to appeal. A notice of appeal was filed the following day August 26, 1970.
On September 14, 1970 respondent moved before Judge DiBuono to get back the warrants for satisfaction of judgment previously filed. The basis of the motion was that the warrants were "`inadvertently filed." The motion was granted on September 25, 1970. While the record contains only a notice of cross-appeal by the decedent's widow of the September 25, 1970 order, we will proceed on the basis that both petitioners have cross-appealed.
We have recited the foregoing undisputed procedural history because we have determined that the County Court was without jurisdiction to make the September 25, 1970 order, *227 and that the judgments should be paid. In so doing, we do not reach the merits of the appeal.
When respondent filed its notice of appeal, the County Court lost jurisdiction in the matter since the supervision and control of the proceedings on appeal rested with the Appellate Division. R. 2:9-1(a). However, we prefer to treat with the merits of the application for a return of the warrants for satisfaction of judgment as though made directly to us.
The procedure used in this case to finalize the County Court's judgment affirming the compensation awards is in common daily usage throughout the State. The legal effect of what transpires is that a contract is entered into between the parties to terminate the litigation. In actual practice, respondent's counsel and the insurance carrier have reviewed the county judge's decision and have decided not to appeal but to pay the judgment. Petitioner's counsel is requested to submit a warrant for satisfaction of judgment, and respondent's counsel expressly, or impliedly, agrees to pay the judgment before filing the warrant for satisfaction. Petitioner's counsel, before preparing and sending the warrant for satisfaction, has presumably consulted with his client and they have determined not to appeal from the award made to petitioner or the allowances to counsel. In short, the parties have recognized the validity of the judgment and have voluntarily entered into a contract to waive or surrender their respective right to appeal. While no New Jersey case in point has been brought to our attention  nor have we found any  we are in accord with the views expressed in 4 Am. Jur.2d, Appeal and Error, § 242 at 737:
It has been broadly asserted that any act on the part of a party by which he impliedly recognizes the validity of a judgment against him operates as a waiver of his right to appeal therefrom, or to bring error to reverse it, and clearly one who voluntarily acquiesces in or ratifies a judgment against him cannot appeal from it. The acquiescence which prohibits an appeal, or destroys it when taken, is the doing or giving of the thing which the decree commands to be done or given.
*228 See also Annotation, "Appeal - Payment of Judgment - Effect," 39 A.L.R.2d 153 (1955), wherein conflicting views are set forth, depending upon individual fact patterns.
Courts look with favor upon contracts which terminate litigation. See Bauer v. Griffin, 104 N.J. Super. 530, 545 (Law Div. 1969), aff'd 108 N.J. Super. 414 (App. Div. 1970), certif. den. 56 N.J. 245 (1970); Jannarone v. W.T. Co., 65 N.J. Super. 472, 476 (App. Div. 1961), certif. den. 35 N.J. 61 (1961). When counsel requested and received the warrants for satisfaction, and thereafter filed them, his client was legally obligated to pay the judgment. On the facts in this case, to argue they were inadvertently filed is specious. No reasons are advanced by respondent, legal or equitable, which justify exercising our discretion to nullify the contract terminating this litigation.
By what we have said it is not to be interpreted that we agree with respondent's contention that Walck changed the existing law in heart cases, or that we disagree with the conclusions reached by the judge of compensation or Judge DiBuono on the compensability of the heart attack.
The order of September 25, 1970 is reversed and respondent's appeal is dismissed.