129 N.J. Super. 548 (1974)
324 A.2d 124
THE STATE OF NEW JERSEY,
v.
JOHN G. TILLMAN, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
Decided July 15, 1974.
*549 Mr. William J. Gearty, Deputy Public Defender, argued the cause for defendant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Edward A. MacDuffie, Jr., Assistant Prosecutor, argued the cause for the State (Mr. James M. Coleman, Jr., Monmouth County Prosecutor).
*550 AIKINS, J.S.C.
The state moves to dismiss defendant's motion made pursuant to R. 3:21-10(a) for reduction of his sentence of a total of 10-15 years imposed on November 10, 1972 following a conviction of armed robbery.
The procedural history after sentence reflects that defendant timely appealed to the Appellate Division, which unanimously affirmed in an unreported per curiam opinion filed on February 7, 1974. The contentions on appeal appear to have been directed solely to alleged trial errors since the Appellate Division opinion does not pass judgment on the sentence imposed.
A notice of petition for certification was filed on February 25, 1974, and the Supreme Court denied the petition by an order filed May 14.
Defendant's pro se motion for reduction of sentence pursuant to R. 3:21-10(a) was misfiled with the Camden County Clerk on May 28 and forwarded to this court for disposition by letter received June 4.
No challenge is directed by the State to the delay beyond 20 days occasioned by the misfiling of the motion; rather, the attack is channeled toward defendant's failure to file such motion within 20 days after the filing of the Appellate Division opinion and judgment  a contention with which this court does not agree.
R. 3:21-10(a) requires that a "motion to reduce or change a sentence shall be filed not later than 60 days after the date of the judgment of conviction, or, if an appeal is taken within the 60 days, not later than 20 days after the date of the judgment of the appellate court." However, the rule is silent as to the effect on the time limitations therein resulting from the timely filing of a notice of petition for certification.
Prior to the September 1969 revision, the predecessor rule (R.R. 3:7-13(a)) spoke to a 20-day filing limit after "issuance of the mandate by the appellate court," and under then R.R. 1:9-1 and 2:9-1 it was clear that the timely filing of a further notice of appeal or notice of petition for certification *551 automatically stayed the issuance of the mandate. State v. Montalbano, 94 N.J. Super. 152 (App. Div. 1967).
Therefore, either the granting of the petition for certification or the filing of a notice of appeal as of right squarely put the defendant again in the appellate process, thus preserving his right to file a motion for reduction of sentence within 20 days of the issuance of the mandate by the Supreme Court. Conversely, the denial of a timely petition for certification recommenced the running of the time for issuance of the Appellate Division mandate and still left defendant his 20-day period after actual issuance of the mandate. An order of denial of a petition for certification, however, was held not to be a "mandate" within the intendment of R.R. 3:7-13(a). State v. Montalbano, supra at 155.
Notwithstanding the foregoing, the State asserts that under the 1969 rules revision, R. 2:11-3 replaced the former R.R. 1:9-1 and 2:9-1 and thereby eliminated the mandate and also the automatic stay features consequent upon the timely filing of either a further notice of appeal or a notice of petition for certification, and further urges that since, under the same revision, R. 3:21-10(a) also eliminated any reference to "mandate" and substituted "judgment" of the appellate court, a defendant waives his right to move for reduction of sentence unless such motion be made within 20 days of the judgment of the Appellate Division, the rule containing no provisions as to the effect to be given to certification proceedings.
The fallacy of this contention is apparent when one recognizes the premise that a defendant will again be in the appellate process upon the timely filing of a further notice of appeal as of right or upon the granting of a petition for certification, and that "judgment of the appellate court" under R. 3:21-10(a) encompasses both judgments of the Appellate Division and the Supreme Court. Cf. State v. Costello, 59 N.J. 334, 347 (1971). Additionally, neither the language *552 of the subject rule and its immediate predecessors nor any of the comments thereunder disclose any intention of the Supreme Court in the enactment thereof to foreclose a defendant from making a motion to reduce his sentence following the affirmance of his conviction by the Supreme Court.
Finally, while R. 2:12-10 provides that a denial of a petition for certification results in an order of the Supreme Court, whereas R. 3:21-10(a) speaks to a "judgment" of an appellate court, it is, in this narrow sense, a distinction without a difference. Fundamental concepts of fair play and justice dictate the consideration on the merits of a timely motion for reduction of sentence following denial of a petition for certification. To hold otherwise would place an undue premium on a favorable vote of at least three-sevenths of the Supreme Court. R. 2:12-10.
The State's motion to dismiss defendant Tillman's motion to reduce his sentence is therefore denied.
During the course of oral argument on the foregoing motion, the State also advanced the proposition that a defendant is entitled to make and be heard on but one motion to reduce his sentence. The contention is actually not in issue here since defendant Tillman made but one such motion to date following his sentence. Nonetheless, the matter is of such significance that this court is of the opinion that some comments and observations are in order.
Firstly, the motion must be filed under R. 3:21-10(a) not later than 60 days after conviction or in the event of an appeal within said period then not later than 20 days after the appellate court judgment. Since R. 2:4-1 requires the filing of a notice of appeal within 45 days of the date of judgment of conviction, such filing will deprive the trial court of jurisdiction to act further in the matter even if the motion to reduce has been previously filed,[1] unless perchance *553 the trial court has heard and decided the motion prior to the filing of a notice of appeal. The trial court, of course, may properly calendar for hearing a motion to reduce sentence after the 45-day appeal deadline and decide it within the 75 days from the date of judgment of conviction. State v. Alvarado, 95 N.J. Super. 595 (App. Div. 1967), aff'd per curiam 51 N.J. 375 (1968). The latter course of action would indeed appear to be preferable, since any appeal ground of excessiveness of sentence will be resolved by the Appellate Division and yet preserve defendant's right to move for reduction of sentence within 20 days of the Appellate Division judgment, should the sentence aspect of his conviction be affirmed.
Defendant's apparent right to so move after the Appellate Division judgment with a 35-day decisional deadline cast upon the trial court presents, however, another difficulty in view of the fact that when a defendant has a right of appeal to the Supreme Court under R. 2:2-1(a), he may file his notice of appeal within 45 days of entry of judgment in the Appellate Division, which terminal date is obviously 10 days after the prescribed 35th day for determination by the trial court of the motion to reduce. It is thus apparent that this anomaly may set the stage for still another (possibly a third) motion to reduce following the appellate judgment of the Supreme Court.
Since both a motion to reduce and a notice of petition for certification must be filed within 20 days after date of the Appellate Division judgment, it seems rather unlikely that a trial court would hear and decide the motion to reduce by the deadline for filing the notice of petition for certification, upon the occasion of which the trial court is also deprived of jurisdiction to act further. R. 2:9-1. Here again, the trial court has the ultimate control by reason of the 35-day decisional deadline. Thus, the aforementioned anomaly is in practice more likely to occur in the "appeal as of right" situation.
*554 In any case, a defendant, consistent with the holding of this court, may then file his motion to reduce within 20 days after the order of denial of the petition for certification.
Examination of all the predecessor versions of R. 3:21-10(a), the tentative draft comments thereunder and annotation comments, clearly convinces this court that the intent of the rule was to provide defendant with only one opportunity to be heard on a motion to reduce. The sanctioning of unlimited such motions would only congest criminal calendars, especially where excessiveness of sentence has been raised as a ground of appeal.
In the light of the foregoing observations, clarification and revision of R. 3:21-10(a) would appear to be in order for the benefit of both bench and bar.
NOTES
[1] R. 2:9-1; Sturdivant v. General Brass & Machine Corp., 115 N.J. Super. 224, 227 (App. Div. 1971).