MAGALI RAMOS, AN INFANT BY HER GUARDIAN AT LITEM, CEBERO RAMOS AND CEBERO RAMOS INDIVIDUALLY, PLAINTIFFS, v. JOSE RAMOS AND EDELRA RAMOS, DEFENDANTS.

Superior Court of New Jersey
Law Division Union County

Decided June 7, 1988.

*Thomas E. Hood* for plaintiff (*Hood & Abrams,* attorneys).

*Paul Spina* for defendants (*McDermott, McGee & Ruprecht,* attorneys).

WECKER, J.S.C.

This Court has determined, on its own motion, to allow the parties relief under *R.* 4:50–1(f) from one aspect of the Final Judgment entered. In a "friendly" proceeding for approval of the settlement of an infant's claim, this Court denied approval of that portion of the proposed settlement that would have provided a contract for future payment of a lump sum at the infant's 18th birthday. The decision is reported in *Ramos v. Ramos,* 219 *N.J.Super.* 679 (Law Div.1987).

On May 3, 1988, our Supreme Court adopted amended *R.* 4:44–3, effective immediately. 121 N.J.L.J. 1126 (June 2, 1988). The amended rule explicitly permits court approval of a "structured settlement, providing for deferral of all or part of the proceeds thereof," under certain conditions. The amended rule follows: *4:44–3 Hearing; Order; Expenses*

> All proceedings to enter a judgment to consummate a settlement in matters involving infants and incompetents shall be heard by the court without a jury. *The court shall determine whether the settlement is fair and reasonable as to its amount and terms. In the case of a structured settlement providing for deferral of all or part of the proceeds thereof, the court shall also satisfy itself, based on the financial security of the obligor or surety and such other relevant facts as may be adduced, of the reasonable certainty that all future*

*payments will be made as proposed by the settlement.* If the court approves the settlement it shall enter an order reciting the action taken and directing the appropriate judgment in accordance with R. 4:48A, *whose provisions shall also apply to deferred payments under structured settlements.* The court, on the request of the claimant or [his] *the claimant's* attorney or on its own motion, may approve the expenses incident to the litigation, including attorney's fees. If the fees of the attorney representing the guardian ad litem are to be paid by the defendant, the defendant shall upon the court's request make available to it [his] *defendant's* complete file in the action.

Note: Source—R.R. 4:56A(e). Amended July 7, 1971 to be effective September 13, 1971; *amended May 3, 1988 to be effective immediately.*

It is now clear that this Court has the authority to approve a contract of the type proposed by the parties. However, sufficient information must be provided to the Court to permit a finding "based on the financial security of the obligor or surety and such other relevant facts as may be adduced, of the reasonable certainty that all future payments will be made as proposed by the settlement."[1]

The parties may, within 60 days, submit a proposal containing sufficient information to enable the court to determine, under all of the circumstances, "the reasonable certainty" that the future payment will be received. The form of contract originally proposed called for one lump-sum payment to the infant plaintiff when she reaches majority. Since no funds would be paid to the guardian during the period of infancy, the Surrogate would no longer be involved. Nor would any bond be required.

This Court recognizes that the passage of time may have affected the applicable interest rates and other factors (including the tax advantages ordinarily available through the use of such a contract[2]). By its present determination, the Court

---

[1]*See Matter of Guardianship of A.D.L.,* 208 *N.J.Super.* 618, 626–28 (App.Div. 1986) for some of the factors that may warrant consideration.

[2]The court is aware that the proceeds of the settlement were in fact deposited in a joint-control account with the Surrogate in accordance with the 1987 decision in this matter. This court cannot determine whether an order *nunc pro tunc,* permitting the instant purchase of an annuity contract by or on behalf of the defendant, will meet the Internal Revenue Service's requirements

intends to create an opportunity, and not an obligation. If upon review of all of the relevant conditions it becomes apparent to counsel that there is no net advantage to the infant, or that any advantage is *de minimus*, no further action is required. However, if it appears to counsel that there is a significant benefit to the infant through the use of a contract for future payment, counsel shall request the Court in writing, within 60 days, to schedule a hearing on the proposal submitted.

to insure certain tax benefits to plaintiff. *See, e.g.,* Internal Revenue Code § 104(a)(2) and Reg. § 1.451–2(a); Rev.Rul. 79–220, 1979–2 C.B. 74; Rev.Rul. 79–313, 1979–2 C.B. 75.

A negative answer to this question may be a reasonable ground not to seek to disturb the existing investment.