574 A.2d 1004

RUTH FORREST, PLAINTIFF–APPELLANT, v. ALEXANDER FORREST, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF JOHN R. FORREST, AND FREDERICK NIEMANN, DEFENDANTS–RESPONDENTS, AND VIVIAN L. SEIBERT, THIRD-PARTY DEFENDANT/CO-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 7, 1990—Decided May 22, 1990.

Before Judges PRESSLER, LONG and LANDAU.

*Leibowitz & Chehanske*, attorneys for appellant Ruth Forrest (*George J. Chehanske* on the brief).

*Lawrence & Kapalko*, attorneys for respondent Frederick Niemann (*Herbert F. Lawrence* on the letter brief).

*Levchuk & Wines*, attorneys for third-party defendant/co-appellant Vivian L. Seibert (*Robert C. Wines* on the brief).

*Patrick J. Boyle*, attorney for respondent Alexander Forrest, submitted a letter of non-participation.

The opinion of the court was delivered by

LANDAU, J.A.D.

This is an appeal by plaintiff Ruth Forrest and third-party defendant Vivian L. Seibert from a post-judgment order of July 18, 1989 entered by the Chancery Division, Monmouth County, following hearing on defendant Frederick Niemann's order to show cause to enforce litigant's rights and to compel closing of title pursuant to a consent order of settlement entered on February 6, 1989. The February 6 order incorporated terms of a settlement spread upon the record in open court with acquiescence of the parties, which ended litigation arising out of an attempt to block sale of a farm to Niemann by defendant Alexander Forrest, the executor of the Estate of John T. Forrest, deceased. The disputed sale had been the subject of a contract dated May 19, 1986.

Paragraph A of the February 6, 1989 order provides:

The parties shall close title to Blocks 165 and 166, Lots 8 and 4, Howell Township, New Jersey in accordance with the terms and provisions of the contract of sale dated May 19, 1986. Closing of title will take place within 120 days of the date of the entry of the within Order. All parties, namely, Ruth Forrest, Vivian Buechner, Alexander Forrest, Individually and as Executor, and their respective spouses, if any, shall provide their signatures to the appropriate Deed and adequate Affidavit of Title.

The 120-day period would have expired June 6, 1989. Niemann, whose purchase of the property under the 1986 contract had been previously long delayed because of the dispute among members of the Forrest family,[1] wanted to close during the week of June 11th. He was advised by letter dated June 8, 1989 from Ruth Forrest's attorney that he was in default of the settlement order for failure to close title by June 6. Niemann's

---

[1] It appears that by reason of informal arrangements among Forrest family members, the executor had not promptly distributed the farm owned by the decedent John T. Forrest in accordance with his will following his death in 1974. Later the decedent's son John T. Forrest, Jr., died and purported to devise the same farm to his own heirs, including his wife Ruth. These factors furnished the underlay for the intra-Forrest dispute which resulted in the suit by Ruth Forrest to block sale to Niemann. The limited issue presented in this case requires no consideration of the merits of the suit.

counsel responded on June 12, 1989 that they were ready, willing and able to close. On June 19, 1989 the attorney for Alexander Forrest, executor of the John Forrest estate, purported to advise Niemann that the closing date was extended to July 14, 1989. As above noted, the original 1986 contract was between the executor and Niemann.

Thereafter, Niemann requested the court to enforce the settlement, modified by the short extension of closing date. He certified that by reason of the extensive litigation-caused delays, he had to rearrange financing and title work leading to the time slippage.

Following hearing, the trial judge entered the July 18, 1989 order of modification which is the subject of this appeal. It provided for a July 20 closing and ordered all parties to close.

Essentially appellants Ruth Forrest and Vivian L. Seibert (the third-party defendant) urge that the trial judge was without authority to modify the terms of a settlement entered into among parties to a dispute, or indeed even to entertain such a request. Ruth Forrest also urges that even if the court could make such a modification, there was an insufficient basis presented to warrant the action, and that the trial judge improperly imposed a burden of proof upon her.

We have examined the authorities relied on by the trial judge to support the order of modification. While we question the rationale employed, we are satisfied that the July 18 order was properly entered upon an adequate showing by Niemann.

Although a court has unquestioned power to reconsider and modify an order or judgment which reflects an earlier judicial decision under appropriate circumstances, *see R.* 4:50–1, there is a difference in the substantive and policy considerations involved when the subject of reconsideration is an order which merely recites the terms of a settlement agreement entered into by the parties, and not imposed by the court.

The authorities cited by the trial judge, *Johnson & Johnson v. Weissbard,* 11 *N.J.* 552, 95 *A.*2d 403 (1953); *Pope v. Kings-*

*ley,* 40 *N.J.* 168, 191 *A.*2d 33 (1963); *State v. Conners,* 129 *N.J.Super.* 476, 324 *A.*2d 85 (App.Div.1974); *Balip Automotive Repairs, Inc. v. Schroeder,* 6 *N.J.Super.* 511, 69 *A.*2d 760 (Law Div.1949), rev'd, 8 *N.J.Super.* 238, 73 *A.*2d 848 (App.Div.1950), aff'd, 7 *N.J.* 152, 81 *A.*2d 9 (1951), do not in our judgment constitute general authority for a judge to materially modify such a memorialization of agreement. We doubt that many settlements would be achieved if courts were free to later adjust material terms thereof to meet judicial notions of fair‑ness, and then to order compliance with the adjusted "settle-ment." As stated by Vice Chancellor Stein in *Fidelity Union Trust Co. v. Union Cemetery Assn.,* 136 *N.J.Eq.* 15, 40 *A.*2d 205 (1944), aff'd o.b., 137 *N.J.Eq.* 455, 45 *A.*2d 670 (E. & A.1946):

> While a consent decree partakes of the nature of both a contract and a decree, it is not strictly a judicial decree, but rather in the nature of a contract entered into with the solemn sanction of the court.... A consent decree can only be set aside by consent.

*Id.* at 25, 40 *A.*2d 205 (citations omitted). *See also Long v. Mertz,* 21 *N.J.Super.* 401, 91 *A.*2d 341 (App.Div.1952).

■ Here, the settlement order expressly recited that closing of title was to be "in accordance with the terms and provisions of the contract of sale dated May 19, 1986." The closing date in that contract had long since expired. The parties agreed and the court order stated that "closing of title will take place within 120 days of the date of the entry of the within order." There was no recitation in the 1986 agreement, nor in the February 6, 1989 order, nor in the agreement spread upon the record, that time was of the essence.

■ It is well settled in real estate case law and practice that absent a clear expression or a necessary implication respecting essentiality of a closing date, a reasonable deviation will be permitted, and a court of equity will enforce the obligation to convey where a buyer is ready, willing and able to close within the time deemed reasonable in the circumstances. *See Salva-tore v. Trace,* 109 *N.J.Super.* 83, 91, 262 *A.*2d 409 (App.Div.

1969), aff'd, 55 *N.J.* 362, 262 *A.*2d 385 (1970); *Hoffman v. Perkins,* 3 *N.J.Super.* 474, 67 *A.*2d 210 (Ch.Div.1949).

Absent a time-of-the-essence provision, we see the July order as nothing more than a response to Niemann's request that the settlement agreement embodying his original 1986 contract be enforced, just as would any real estate contract in the same circumstances. We find no necessary implication to the contrary. The initial request made was to close during the week of June 11, instead of by June 6. Grant of an order which compelled closing was a reasonable exercise of discretion in light of Niemann's readiness to close, and his reasons for the short delay. *See, Salvatore* and *Hoffman, supra.*

Affirmed.