**F I L E D**
United States Court of Appeals
Tenth Circuit

**AUG 3 1999**

**PATRICK FISHER**
Clerk

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GIBRALTAR CASUALTY
COMPANY, a Delaware corporation;
LEXINGTON INSURANCE
COMPANY, a Delaware corporation,
as subrogees to Central
Pharmaceutical, Inc.,

        Plaintiffs - Appellants,

    v.

VERNON WALTERS, M.D.;
ALBERT MEHL, M.D.; JOHN P.
MOYER, M.D., all individually and
doing business as Evergreen
Pediatrics, Evergreen-Conifer
Pediatrics, and Evergreen-Conifer
Clinic; EVERGREEN PEDIATRICS,
LLC,

        Defendants - Appellees.

No. 98-1182

---

Appeal from the United States District Court
for the District of Colorado
(D.C. No. 97-M-1192)

---

Stephen D. Cuyler (Ronald D. Puhala on brief), Cuyler Burk, Parsippany, New
Jersey, for Plaintiffs-Appellants.

Collie E. Norman (Marci L. Laddusaw on brief), Johnson, Ruddy, McConaty &
Sargent, Glendale, Colorado, for Defendants-Appellees.

---

Before **EBEL, MAGILL,**[*] and **LUCERO,** Circuit Judges.

_____

**MAGILL,** Circuit Judge.

_____

In this diversity case, the district court dismissed the Appellants' complaint which set forth a cause of action for contribution, finding that the Colorado statute of limitations had expired before the suit was filed.  We conclude that the complaint was timely filed and, thus, reverse and remand for further proceedings.

**I.**

In April 1984 Cari Coddington, a minor, suffered severe permanent injuries from a toxic reaction to prescription medication known as "Theospan."  After moving to New Jersey, Cari's parents (the Coddingtons), individually and on behalf of their daughter, sued the drug's manufacturer, Central Pharmaceutical, Inc. (Central), in New Jersey state court in February 1992.  In February 1996 the Coddingtons agreed to settle their claims against Central.  Because Cari was a minor, New Jersey law required that the parties receive judicial approval of the proposed settlement.  On May 8, 1996, the New Jersey Superior Court held a "friendly hearing" on the proposed settlement agreement and entered judgment

_____

[*]Honorable Frank Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

approving it. A Warrant of Satisfaction[1] was filed on June 3, 1996, and the parties filed a stipulation of dismissal on August 2, 1996.

On June 6, 1997, Gibraltar Casualty Company and Lexington Insurance Company (the Appellants), as subrogees to Central, filed this contribution action against Cari's treating physicians (the Appellees) in the United States District Court for the District of Colorado, alleging that they were negligent in prescribing Theospan to Cari. The Appellees moved to dismiss the cause on the ground that Colorado's one year statute of limitations had expired. The district court granted the Appellees' motion and dismissed the cause with prejudice.

## II.

The Appellants argue that the district court erred in concluding that the Colorado contribution statute of limitations had expired before they filed their complaint on June 6, 1997. After reviewing the district court's application of state law de novo, we agree that the dismissal for untimeliness was erroneous. See Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency, 174 F.3d 1115, 1118 (10th Cir. 1999) (standard of review).

---

[1]The Warrant of Satisfaction is a document filed with the court indicating that a judgment has been satisfied (i.e., by payment).

The Appellants contend that the district court misapplied Colorado's statute governing the limitations period for contribution actions. In relevant part, the statute provides:

> (3) If there is a judgment for the injury or wrongful death against the tortfeasor seeking contribution, any separate action by him to enforce contribution must be commenced within one year after the judgment has become final by lapse of time for appeal or after appellate review.
> (4) If there is no judgment for the injury or wrongful death against the tortfeasor seeking contribution, his right of contribution is barred unless he has either:
>> (a) Discharged by payment the common liability within the statute of limitations period applicable to claimant's right of action against him and has commenced his action for contribution within one year after payment; or
>> (b) Agreed while action is pending against him to discharge the common liability and has within one year after the agreement paid the liability and commenced his action for contribution.

Colo. Rev. Stat. § 13-50.5-104.

As an initial matter, we hold that the present case is governed by subsection (3). The Appellees contend that this case does not involve a judgment because the settlement agreement does not constitute a "judgment" for purposes of the statute. However, New Jersey law dictates the opposite conclusion in this case.

Under New Jersey law, settlement agreements involving minors are not valid until a state court has reviewed the facts and the terms of the agreement to ensure that the agreement is in the child's best interests. See N.J. R. Civ. Practice 4:44; Mack v. Berry, 501 A.2d 605, 608 (N.J. Super. Ct. Law Div. 1985). "Upon

judicial investigation and approval [of the settlement agreement], an order will issue adjudging the settlement binding on all parties and therefore a final judgment as to damages." Id. Consequently, the New Jersey state court's order approving the settlement on May 8, 1996 constituted a final judgment against Central. Because the Coddington's claims against Central were ultimately resolved by a state court judgment, we conclude that subsection (3) applies and provides the relevant limitations period for this contribution action. Accordingly, we must determine when the New Jersey judgment became final by lapse of the time for appeal.

A straight-forward application of New Jersey law militates in favor of our conclusion that the time for appeal expired on June 22, 1996. Under New Jersey law, a litigant has forty-five days from the entry of judgment to file a notice of appeal. See N.J. R. of Court § 2:4-1(a). In this case, the New Jersey court entered judgment approving the settlement agreement on May 8, 1996, so the parties had until June 22, 1996 to file a notice of appeal. Because the Colorado statute provides a one year limitations period on contribution actions after the time for appeal has expired, the Appellants had until June 22, 1997 to file suit under a straight-forward application of the statute.

The Appellees contend that this straight-forward application of the statute is incorrect because there is no right to appeal from a judgment approving a

settlement agreement and, even if such a right exists, the time to appeal the New Jersey judgment expired on June 3, 1996, when the Warrant of Satisfaction was filed. We disagree with both arguments.

First, the Appellees have not directed us to any authority, and we have identified none, in support of their proposition that a judgment approving a settlement agreement is not subject to the forty-five day window for filing an appeal that is otherwise applicable to New Jersey court judgments. In contrast, we have identified at least one case in which litigants have filed an appeal from a judgment approving a settlement agreement. See Modery v. Liberty Mut. Ins. Co., 549 A.2d 867 (N.J. Super. Ct. App. Div. 1988). Thus, we reject the Appellees' contention that the forty-five day window to file an appeal does not apply to the New Jersey judgment approving the settlement.

Second, there is no authority supporting the Appellees' contention that the Colorado statute of limitations commences upon entry of the Warrant of Satisfaction. Even assuming, as the Appellees' suggest, that entry of the Warrant of Satisfaction precluded Central from appealing the judgment, see Sturdivant v. General Brass & Mach. Corp., 279 A.2d 110, 111-12 (Super. Ct. N.J. App. Div. 1971) (warrant of satisfaction recognizes validity of judgment and operates as a contract waiving right to appeal), the plain language of the Colorado contribution statute provides that the limitations period does not begin to run until "the

judgment has become final <u>by lapse of time for appeal</u>." <u>See</u> Colo. Rev. Stat. § 13-50.5-104(3) (emphasis added). The statute says nothing about accelerating the limitations period if the right to appeal is waived or extinguished prematurely by conduct of the parties. Thus, we interpret the Colorado statute as permitting a contribution action within one year of the underlying judgment becoming final by lapse of the time for appeal, regardless of whether the parties have agreed to forego appellate proceedings. Because we conclude that the Warrant of Satisfaction had no effect on the otherwise applicable statute of limitations for this contribution action, we hold that the Appellants filed their complaint within the limitations period contemplated by the Colorado contribution statute.

## III.

For the foregoing reasons, we REVERSE and REMAND for further proceedings.

98-1182, Gibraltar Casualty Company v. Walters

**LUCERO**, Circuit Judge, dissenting.

Because my analysis of this case differs from that of my colleagues, and would lead to a different result, I respectfully dissent. My disagreement is on three points.

## I

First, I would not so hastily dispose of the trial court's conclusion that Colo. Rev. Stat. § 13-50.5-104(4) is the applicable statutory provision controlling the limitation period. Neither subsection (3) nor subsection (4) of the statute use the unqualified term "judgment," but instead use the qualified language "judgment for the injury or wrongful death against the tortfeasor seeking contribution." Finding no pertinent Colorado precedent on the issue, the district court apparently treated the judgment as an "agree[ment] . . . to discharge the common liability," and found the action barred by Colo. Rev. Stat. § 13-50.5-104(4)(b).

The case law provides ample support for the district court's ultimate conclusion that subsection (4) was implicated in the case at bar. A friendly suit judgment reached by agreement among the parties is generally treated as a form of consent judgment. See, e.g., Daniel v. Adorno, 107 A.2d 700, 701 (D.C. 1954) (discussing "'friendly suit' in which . . . consent judgment was taken"); Highley v. Martin, 784 S.W.2d 612, 614 (Mo. Ct. App. 1989) (discussing settlement

agreement referring to "'friendly suit' wherein [the parties] would consent to judgment"). In 1952, the Colorado Supreme Court held that

> A consent judgment is not a judicial determination of any litigated right, and it is not the judgment of the court, except in the sense that the court allows it to appear upon the record and have the force and effect of a judgment; it is merely the act of the parties consented to by the court.

Marsh v. Warren, 248 P.2d 825, 828 (Colo. 1952) (quoting 49 C.J.S. Judgments § 173). While New Jersey case law does not appear to address directly the status of consent judgments involving minors, courts in New Jersey, the forum of the friendly suit in this case, are certainly in accord with the general proposition that a consent judgment results from a settlement rather than an adjudication. See Stonehurst at Freehold, Section One, Inc. v. Township of Freehold, 353 A.2d 560, 561 (N.J. Super. Ct. Law Div. 1976) (holding, in context of consent judgment resolving challenge to municipal ordinance, that a consent judgment "is not strictly a judicial decree, but rather in nature of a contract entered into with the solemn sanction of the court"); Long v. Mertz, 91 A.2d 341, 342 (N.J. Super. Ct. App. Div. 1952) (stating that, in context of resolution of action for partnership accounting, "a consent judgment does not lie in adjudication, so much as in the agreement between the parties"). I am not persuaded that the New Jersey requirement of judicial approval of settlements involving minors, see N.J. R. Civ. Practice 4:44; Mack v. Berry, 501 A.2d 605, 608 (N.J. Super. Ct. Law Div. 1985),

-2-

suffices to change the basic character of this consent judgment so as to transform this settlement into a judgment on the merits against appellants. Under New Jersey law, the trial court certainly reviews the agreement in light of the child's interests, see N.J. R. 4:44-3, but such review does not alter the fundamental fact that the dispute is resolved by action of the parties, not adjudication by the court.

Court approval of the settlement agreement makes it no less a settlement agreement. The New Jersey trial court could approve or disapprove the parties' settlement in whole or in part, see Ramos v. Ramos, 547 A.2d 342, 343 (N.J. Super. Ct. Law Div. 1988)—its power ended there. See N.J. R. 4:44-3. If disapproved, unless the parties voluntarily modified their settlement to the court's satisfaction, the parties would be "back to square one" and would need to file adversarial proceedings on the merits in order to resolve their dispute. A judgment following such merits litigation, it seems to me, would fall under subsection (3) of the Colorado limitation statute.

Moreover, a common sense reading of the Colorado limitation statute compels the conclusion that subsection (3) is intended to deal with judgments on the merits, and subsection (4) intended to deal with resolution and discharge of liability by settlement. Functionally, the "friendly hearing" judgment is most obviously equivalent to an agreement to pay within the meaning of Colo. Rev. Stat. § 13-50.5-104(4)(b).

Ultimately, however, I would not decide whether the trial court's treatment of this issue is correct, because, being provided with no Colorado precedent on the issue, and concluding that the question presented is one of first impression, I would certify the question to the Colorado Supreme Court, pursuant to our Local Rule 27.1 and Colo. App. R. 21.1(a). See, e.g., Allstate Ins. Co. v. Brown, 920 F.2d 664, 667 (10th Cir. 1990) ("Certification is particularly appropriate where the legal question at issue is novel and the applicable state law is unsettled."). Although neither party has moved for certification, our local rules permit us to certify on our own motion, see 10th Cir. R. 27.1(B), and I believe this case represents an appropriate instance for exercise of that authority.

**II**

Even if the majority were correct and subsection (3) rather than subsection (4) were to apply here, I disagree—this being my second point of contention—with the majority's interpretation of the words "final by lapse of time for appeal" in Colo. Rev. Stat. § 13-50.5-104(3). Without citing Colorado precedent on the matter, it appears the majority effectively construes the words "final by lapse of time for appeal" to mean something like "final by the expiration of the time period for appeal as provided for in the applicable statute or rule, whether or not the party has any right to take such an appeal." Not only do I disagree with that interpretation of the statute, I also disagree that we should

-4-

unilaterally make such a pronouncement, and once again believe that prudence dictates certification of the question to the Colorado Supreme Court. Under the language of the statute, there is a strong argument that when the Superior Court of New Jersey, Law Division, sanctioned the settlement of the parties, the time for appeal lapsed, and the one-year time period began to run. See, e.g. , Deason v. Lewis , 706 P.2d 1283, 1286 (Colo. Ct. App. 1985) (noting that when "a party consents to entry of an order or judgment, and such consent is regularly obtained, that party has no right to appeal from the order or judgment"). Although we are directed to no New Jersey case law directly on point, I do not believe that Modery v. Liberty Mut. Ins. Co. , 549 A.2d 867 (N.J. Super. Ct. App. Div. 1988), necessarily stands for a contrary proposition. That case involved the appeal of a trial judge's refusal to sanction, in approving a friendly settlement involving an infant, an attorney's 25% retainer agreement. See id. at 868. I do not see how the fact that an attorney may appeal the essentially collateral matter, see N.J. R. 4:44-3, of denial of a fee arrangement, means that a party has the right to appeal a wholly approved settlement to which he or she consented.

Even if the time to appeal did not lapse on the day the settlement was approved, most assuredly it did lapse when the judgment was satisfied and a warrant of satisfaction entered by Gibraltar Casualty and Lexington Insurance Companies, the insurers of tortfeasor Central Pharmaceutical. See Sturdivant v.

General Brass & Machine Corp., 279 A.2d 110, 111-12 (N.J. Super. Ct. App. Div. 1971) (holding that any act of a party, including satisfaction of judgment, that impliedly recognizes the validity of a court decree against him, amounts to a waiver of the right of appeal). Unlike the majority, I am of the view that the "time for appeal" may "lapse" within the meaning of Colo. Rev. Stat. § 13-50.5-104(3) by operation of law, specifically by the waiver of right to appeal resulting from the satisfaction of a judgment. See Sturdivant, 279 A.2d at 111-12. Under the majority's interpretation of "lapse of time for appeal," such lapse can occur only by expiration of the forty-five day period of N.J. R. 2:4-1(a), regardless of whether a right of appeal exists. This, I believe, is an overly restrictive and formalistic reading of the statutory language. Furthermore, even were the majority correct, and Colo. Rev. Stat. § 13-50.5-104(3) required the lapse of any statutory period for filing a notice of appeal (whether or not there is any right to pursue such an appeal), the absurdity of applying such a requirement where, as here, no right of appeal exists, only further demonstrates the appropriateness of subsection (4), not subsection (3), as the source of the appropriate limitation period in circumstances such as those before us.

I again conclude that the result the trial court reached is likely the correct one. Consistent with the view expressed in Section I, supra, because this is a

state law question of first impression, I reiterate, we should certify the matter for determination by the Colorado Supreme Court.

### III

My final point of disagreement with the majority opinion is encapsulated in a rather straightforward proposition: If we must resolve the matter using the analysis employed by the majority, then, in my opinion, the case is wrongly decided. The time for appeal of the judgment in the New Jersey "friendly suit" lapsed, at the very latest, on June 3, 1996, when a warrant evidencing appellants' satisfaction of the judgment was filed. One year from that date was June 3, 1997. Appellants filed their complaint for contribution in Colorado on June 6, 1997. That date is more than one year following the lapse of time to appeal. If required to decide the question, I would affirm the district court's dismissal of the proceedings.