LUCERO, Circuit Judge,
dissenting.
Because my analysis of this case differs from that of my colleagues, and would lead to a different result, I respectfully dissent. My disagreement is on three points.
I
First, I would not so hastily dispose of the trial court’s conclusion that Colo.Rev. Stat. § 13-50.5-104(4) is the applicable statutory provision controlling the limitation period. Neither subsection (3) nor subsection (4) of the statute use the unqualified term “judgment,” but instead use the qualified language “judgment for the injury or wrongful death against the tort-feasor seeking contribution.” Finding no pertinent Colorado precedent on the issue, the district court apparently treated the judgment as an “agree[ment] ... to discharge the common liability,” and found the action barred by Colo.Rev.Stat. § 13-50.5-104(4)(b).
The case law provides ample support for the district court’s ultimate conclusion that subsection (4) was implicated in the case at bar. A friendly suit judgment reached by agreement among the parties is generally treated as a form of consent judgment. See, e.g., Daniel v. Adorno, 107 A.2d 700, 701 (D.C.1954) (discussing “ ‘friendly suit’ in which ... consent judgment was taken”); Highley v. Martin, 784 S.W.2d 612, 614 (Mo.Ct.App.1989) (discussing settlement agreement referring to “ ‘friendly suit’ wherein [the parties] would consent to judgment”). In 1952, the Colorado Supreme Court held that
A consent judgment is not a judicial determination of any litigated right, and it is not the judgment of the court, except in the sense that the court allows it to appear upon the record and have the force and effect of a judgment; it is merely the act of the parties consented to by the court.
Marsh v. Warren, 126 Colo. 298, 248 P.2d 825, 828 (1952) (quoting 49 C.J.S. Judgments § 173). While New Jersey case law does not appear to address directly the status of consent judgments involving minors, courts in New Jersey, the forum of the friendly suit in this case, are certainly in accord with the general proposition that a consent judgment results from a settlement rather than an adjudication. See Stonehurst at Freehold, Section One, Inc. v. Township of Freehold, 139 N.J.Super. 311, 353 A.2d 560, 561 (1976) (holding, in context of consent judgment resolving challenge to municipal ordinance, that a consent judgment “is not strictly a judicial decree, but rather in nature of a contract entered into with the solemn sanction of the court”); Long v. Mertz, 21 N.J.Super. 401, 91 A.2d 341, 342 (1952) (stating that, in context of resolution of action for partnership accounting, “a consent judgment does not lie in adjudication, so much as in the agreement between the parties”). I am not persuaded that the New Jersey requirement of judicial approval of settlements involving minors, see N.J. R. Civ. Practice 4:44; Mack v. Berry, 205 N.J.Super. 600, 501 A.2d 605, 608 (1985), suffices to change the basic character of this consent judgment so as to transform this settlement into a judgment on the merits against appellants. Under New Jersey law, the trial court certainly reviews the agreement in light of the child’s interests, see N.J. R. 4:44-3, but such review does *1107 not alter the fundamental fact that the dispute is resolved by action of the parties, not adjudication by the court. Court approval of the settlement agreement makes it no less a settlement agreement. The New Jersey trial court could approve or disapprove the parties’ settlement in whole or in part, see Ramos v. Ramos, 227 N.J.Super. 336, 547 A.2d 342, 343 (1988)-its power ended there. See N.J. R. 4:44-3. If disapproved, unless the parties voluntarily modified their settlement to the court’s satisfaction, the parties would be “back to square one” and would need to file adversarial proceedings on the merits in order to resolve their dispute. A judgment following such merits litigation, it seems to me, would fall under subsection (3) of the Colorado limitation statute.
Moreover, a common sense reading of the Colorado limitation statute compels the conclusion that subsection (3) is intended to deal with judgments on the merits, and subsection (4) intended to deal with resolution and discharge of liability by settlement. Functionally, the “friendly hearing” judgment is most obviously equivalent to an agreement to pay within the meaning of Colo.Rev.Stat. § 13-50.5-104(4)(b).
Ultimately, however, I would not decide whether the trial court’s treatment of this issue is correct, because, being provided with no Colorado precedent on the issue, and concluding that the question presented is one of first impression, I would certify the question to the Colorado Supreme Court, pursuant to our Local Rule 27.1 and Colo.App. R. 21.1(a). See, e.g., Allstate Ins. Co. v. Brown, 920 F.2d 664, 667 (10th Cir.1990) (“Certification is particularly appropriate where the legal question at issue is novel and the applicable state law is unsettled.”). Although neither party has moved for certification, our local rules permit us to certify on our own motion, see 10th Cir. R. 27.1(B), and I believe this case represents an appropriate instance for exercise of that authority.
II
Even if the majority were correct and subsection (3) rather than subsection (4) were to apply here, I disagree — this being my second point of contention — with the majority’s interpretation of the words “final by lapse of time for appeal” in Colo.Rev.Stat. § 13-50.5-104(3). Without citing Colorado precedent on the matter, it appears the majority effectively construes the words “final by lapse of time for appeal” to mean something like “final by the expiration of the time period for appeal as provided for in the applicable statute or rule, whether or not the party has any right to take such an appeal.” Not only do I disagree with that interpretation of the statute, I also disagree that we should unilaterally make such a pronouncement, and once again believe that prudence dictates certification of the question to the Colorado Supreme Court. Under the language of the statute, there is a strong argument that when the Superior Court of New Jersey, Law Division, sanctioned the settlement of the parties, the time for appeal lapsed, and the one-year time period began to run. See, e.g., Deason v. Lewis, 706 P.2d 1283, 1286 (Colo.Ct.App.1985) (noting that when “a party consents to entry of an order or judgment, and such consent is regularly obtained, that party has no right to appeal from the order or judgment”). Although we are directed to no New Jersey case law directly on point, I do not believe that Modery v. Liberty Mut. Ins. Co., 228 N.J.Super. 306, 549 A.2d 867 (1988), necessarily stands for a contrary proposition. That case involved the appeal of a trial judge’s refusal to sanction, in approving a friendly settlement involving an infant, an attorney’s 25% retainer agreement. See id. at 868. I do not see how the fact that an attorney may appeal the essentially collateral matter, see N.J. R. 4:44-3, of denial of a fee arrangement, means that a party has the right to appeal a wholly approved settlement to which he or she consented.
Even if the time to appeal did not lapse on the day the settlement was approved, most assuredly it did lapse when the judgment was satisfied and a warrant of satisfaction entered by Gibraltar Casualty and *1108 Lexington Insurance Companies, the insurers of tortfeasor Central Pharmaceutical. See Sturdivant v. General Brass & Machine Corp., 115 N.J.Super. 224, 279 A.2d 110, 111-12 (1971) (holding that any act of a party, including satisfaction of judgment, that impliedly recognizes the validity of a court decree against him, amounts to a waiver of the right of appeal). Unlike the majority, I am of the view that the “time for appeal” may “lapse” within the meaning of Colo.Rev.Stat. § 13-50.5-104(3) by operation of law, specifically by the waiver of right to appeal resulting from the satisfaction of a judgment. See Sturdivant, 279 A.2d at 111-12. Under the majority’s interpretation of “lapse of time for appeal,” such lapse can occur only by expiration of the forty-five day period of N.J. R. 2:4-1(a), regardless of whether a right of appeal exists. This, I believe, is an overly restrictive and formalistic reading of the statutory language. Furthermore, even were the majority correct, and Colo.Rev.Stat. § 13-50.5-104(3) required the lapse of any statutory period for filing a notice of appeal (whether or not there is any right to pursue such an appeal), the absurdity of applying such a requirement where, as here, no right of appeal exists, only further demonstrates the appropriateness of subsection (4), not subsection (3), as the source of the appropriate limitation period in circumstances such as those before us.
I again conclude that the result the trial court reached is likely the correct one. Consistent with the view expressed in Section I, supra, because this is a state law question of first impression, I reiterate, we should certify the matter for determination by the Colorado Supreme Court.
Ill
My final point of disagreement with the majority opinion is encapsulated in a rather straightforward proposition: If we must resolve the matter using the analysis employed by the majority, then, in my opinion, the case is wrongly decided. The time for appeal of the judgment in the New Jersey “friendly suit” lapsed, at the very latest, on June 3, 1996, when a warrant evidencing appellants’ satisfaction of the judgment was filed. One year from that date was June 3, 1997. Appellants filed their complaint for contribution in Colorado on June 6, 1997. That date is more than one year following the lapse of time to appeal. If required to decide the question, I would affirm the district court’s dismissal of the proceedings.