DOROTHY A. FRASER, ET AL., PROSECUTORS, DOROTHY A. FRASER, APPELLANT, v. THE TOWNSHIP OF TEANECK, IN THE COUNTY OF BERGEN, A MUNICIPAL CORPORATION, ET ALS., DEFENDANTS–RESPONDENTS.

Argued February 14, 1949—Decided March 7, 1949.

*Mr. Louis G. Morten* argued the cause for the appellant.

*Mr. Donald M. Waesche* and *Mr. L. Stanley Ford* argued the cause for the defendants-respondents.

The opinion of the court was delivered by

OLIPHANT, J. These appeals are from judgments of the former Supreme Court dismissing two writs of certiorari obtained by prosecutors-appellant, one to review the legality of a contract entered into between the estate of William Walter Phelps and the respondent dated April 15, 1947, and the other to review the legality of a resolution of the respondent, adopted November 18, 1947, both providing for an exchange of the same vacant lots acquired by respondent through tax title foreclosure for certain tracts of land owned by the Phelps Estate.

As the resolution of November 18, 1947 took the place of and superseded the contract of April 15, 1947 and as any and all rights which might have been acquired by the parties by virtue of the contract were abandoned, as stated on the argument, we confine ourselves to the resolution.

While the record is silent, except as stated in the preamble of the resolution, it is conceded that the land to be received by the municipality was for park purposes.

There is specific statutory authority for the exchange by a municipality of vacant tax title foreclosure lands acquired by it for vacant lands of others for park purposes, provided the lands acquired by the municipality are not less in value than the lands of the municipality given in exchange. *R. S.* 54:5–116. In addition a municipality is empowered by resolution of the governing body to exchange any lands owned by it provided "the lands to be conveyed to such municipality and the cash consideration, if any, to be paid to such municipality, are of greater value to the municipality for public use than the lands to be conveyed by the municipality, and that it is deemed in the public interest that such exchange of land be consummated," *R. S.* 40:60–50.1, and if such lands are not needed for public use provided "the lands to be conveyed to such municipality in such exchange are equal in value to the lands to be conveyed by the municipality in such exchange * * *." *R. S.* 40:60–51.3.

Appellant's first contention is that a governing body of a municipality has no power to exchange lands under *R. S.* 54:5–116. A distinction is sought to be made between a "municipality" and its "governing body" and on the argument it was said what was meant was that an exchange of land could not be made by the "governing body" but could only be effectuated by the affirmative vote of the inhabitants of the municipality by referendum.

 The words "municipality" and "governing body" are used interchangeably throughout the statutes *in pari materia* and are, to all practical intents and purposes, synonymous. Any lawful act of the governing body is only an act of, by and for the inhabitants of a municipality. The members of the governing body are the agents of the municipal corporation, it is the citizens or inhabitants of a municipality not the common council or local legislature who constitute the corporation. *Dillon, Municipal Corporations, 5th Ed., Vol. 1, sec.* 60. See 43 *C. J.* 237, *sec.* 236. Referenda are not required to effectuate functions

of municipal government except by specific statutory direction.

■■ Appellant's second point is that if the governing body has the power to exchange lands under the provisions of R. S. 54:5-116, that power can only be exercised by ordinance. The argument overlooks the provisions of R. S. 40:60-51.1, 3, *supra*, which specifically authorize the exchange of lands by resolution. Even if this was not so it is well settled that where a statute fails to indicate whether the power should be exercised by ordinance or resolution it may be done by either means. *Green v. City of Cape May*, 41 N. J. L. 45 *(Sup. Ct. 1879)*; *Burlington v. Dennison*, 42 N. J. L. 165 *(E. & A. 1880)*; *Halsey v. Rapid Transit*, 47 N. J. Eq. 380 *(Ch. 1890)*.

■ It is next said all the terms of the statute, R. S. 54:5-116 have not been complied with. Suffice it to say we hold to the contrary. The resolution under attack met all statutory requirements. The attack is upon the validity of the resolution. The presumption is it, as passed, was a valid exercise of the power conferred upon the municipality and the burden of proving the contrary was upon the appellant, which she did not even assume to do.

■ We find no merit in appellant's last point that the resolution contravenes the provisions of Art. 14, sec. 1 of the United States Constitution and Art. 3 of the State Constitution. In view of the fact the statute authorizes an exchange only where the lands to be acquired by the municipality are no less in value than those being given in exchange we fail to see how any constitutional rights of appellant are violated. She was notified of the time of the proposed passage of the resolution and was present, through counsel. No objection was made to the form of the resolution or to the authority of the Township Council to act upon it. There was no lack of due process.

■ The indicated provision of the State Constitution is not violated by the statutory authority conferred on the governing body to determine the value of the land proposed to be exchanged. Such authority does not clothe a strictly legislative body with judicial functions. The determination of the value of lands is not purely a judicial function.

The judgments of the Supreme Court are affirmed.

*For affirmance:* Chief Justice VANDERBILT and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING, and ACKERSON—7.

*For reversal:* None.