75 N.J. Super. 84 (1962)
182 A.2d 172
DAVID HECKER AND ROSE HECKER, HIS WIFE, PLAINTIFFS,
v.
CONGREGATION B'NAI ISRAEL AND THE TOWNSHIP OF DOVER, OCEAN COUNTY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Heard April 24, 1962.
Decided June 6, 1962.
Messrs. Ewart, Lomell and Muccifori (Mr. Thomas J. Muccifori, Jr., appearing), attorneys for plaintiffs.
Messrs. Novins, Novins and O'Connor (Mr. William E. O'Connor, Jr., appearing), attorneys for defendants.
*85 KNIGHT, A.J.S.C.
Plaintiffs are owners of certain property in the Township of Dover which is designated as lot 34 of block 410 on the tax map. The defendant Congregation B'Nai Israel is an incorporated religious society of the State of New Jersey and maintains a synagogue in the township on a parcel of land 4.94 acres in area and designated as lot 31 of block 410-B on the tax map. The congregation also owns other property in the township comprising approximately 6.89 acres. This latter parcel adjoins the property of the plaintiffs and is designated on the tax map as lot 33 of block 410.
On October 11, 1960 the congregation made application to the township committee for permission to locate a cemetery on the westerly 3 1/2 acres of the 6.89 acre lot. The township committee and the local board of health, by resolution, consented to and approved the establishment of the cemetery pursuant to the application. The plaintiffs thereafter instituted this suit in lieu of prerogative writ challenging the validity of the municipal action. The sole contention is that municipal consent to locate a cemetery in a municipality must be conferred by ordinance rather than resolution.
The pertinent statute is N.J.S.A. 8:3-2 which provides:
"No new cemetery or burial ground shall be located in this State * * * without the consent and approval of the governing body and board of health of the municipality in which it is proposed to locate * * * same, upon application in writing therefor."
The statute is silent as to the procedure a municipality must follow in issuing the requisite consent. Ordinarily, this lack of legislative direction would be of little moment since "it is well settled that where a statute fails to indicate whether the power [granted to a municipality] should be exercised by ordinance or resolution it may be done by either means." Fraser v. Township of Teaneck, 1 N.J. 503, 507 (1949); Tumulty v. Jersey City, 57 N.J. Super. 503, 514 (App. *86 Div. 1959). Here, however, plaintiffs resist the application of the general rule citing the case of Schinkel v. Fairview, 76 N.J.L. 445 (Sup. Ct. 1908), as support for their contention that an ordinance is the only vehicle by which the municipal consent and approval could be granted.
In Schinkel the Common Council of the Borough of Fairview consented by resolution to the location of a cemetery in the borough by the Fairview Heights Cemetery Association. The objectors attacked the consent on the ground it had to be conferred by ordinance rather than resolution. The Fairview Heights Cemetery Association was a body corporate organized under the rural cemetery association act, R.S. 8:1-1. The property of a cemetery association organized under that act was and is exempt from all taxes. R.S. 8:2-27. The only limitation on the number and size of cemeteries at the time of the decision was L. 1899, c. 72, p. 182 (now appearing in amended form as N.J.S.A. 8:3-1) which provided:
"No more than three cemeteries shall be located or placed under and by virtue of said act to which this is a supplement, in any one city, township or town in any county of this state; provided, however, that nothing in this section shall prevent any cemetery association now incorporated from continuing, maintaining, enlarging and conducting any cemetery in any township of this state where such cemetery has been located and used for the past ten years successively; and provided further, that in any township of this state where the capacity of an existing cemetery is exhausted, so that no further plots can be purchased, an additional cemetery may be created or placed at not less than three miles from any other existing cemetery in said township, subject, however, to all laws or provisions thereof governing and regulating cemeteries in this state."
While placing a numerical limitation upon cemeteries within a municipality, the provision imposed no size limitations thereon to the end that, in theory, three cemeteries could be permitted to occupy the entire area of a municipality without violating the statute. Also in effect at the time was L. 1897, c. 160, p. 296 which provided a borough council with the power:
*87 "I. To pass, enforce, alter or repeal ordinances to take effect within the limits of said borough for the following purposes: To manage, regulate, protect and control the finances and property of the borough * * *."
(R.S. 40:48-1 is substantially the same and is applicable to townships. R.S. 40:42-1.) The proposed cemetery was to encompass an area of approximately 62 acres, there was an existing cemetery of some 30 acres and the total area of the borough was approximately 450 acres. Considering these facts and the mentioned statutory framework, it is not surprising that the court in Schinkel reasoned as follows: Since the consent conferred on the association would in the end result remove approximately one-seventh of the total area of the borough from the tax rolls, such consent in effect amounted to management, regulation, or control of the finances and property of the borough and as such had to be conferred by ordinance rather than resolution in light of the requisites of L. 1897, c. 160, p. 296. That this rationale was the basis of the decision is indicated by the following language of the court:
"If the granting of this consent, thereby removing from the power of taxation of a large portion of the taxable property of the municipality, is management, regulation, protection or control of the finances, then it is clear that the municipal action must be by ordinance and not by resolution." 76 N.J.L., at page 447.
The statutory framework applicable in Schinkel has undergone great change since the rendering of that decision more than a half-century ago. The then-existing provision limiting the number of cemeteries, L. 1899, c. 72, p. 182, has been amended several times and now appears as N.J.S.A. 8:3-1. It provides as follows:
"No more than 5 cemeteries shall be located or placed under and by virtue of this Title in any 1 city, township, borough or town in any county of this State, except that any religious society duly incorporated pursuant to the laws of this State, may establish a cemetery, to be used exclusively for the burial of persons of its *88 religious faith, in any municipality of this State in which it does not maintain a cemetery, notwithstanding there are 5 or more cemeteries located in any such municipality, and except that any society, duly incorporated pursuant to the laws of this State, whose membership is limited to persons of any color, may establish a cemetery to be used exclusively for the burial of persons of said color in any municipality of this State in which no cemetery limited to the burial of persons of said color is maintained, notwithstanding there are 5 or more cemeteries located in any such municipality, and except that, in any township of this State where the capacity of an existing cemetery is exhausted, so that no further plots or lots can be purchased, an additional cemetery may be created or placed at a distance of not less than 3 miles from any other existing cemetery in such township, subject to all laws or provisions thereof governing and regulating cemeteries in this State.
Not more than 3% of the area of any city, town, township, borough, village or other municipality shall be devoted to cemetery purposes.

* * *"
The problem posed by Schinkel  that a major portion of a municipality could become tax-exempt if used for cemetery purposes  was thus resolved by the Legislature with its enactment of the 3% area limitation.
Additionally, the facts in Schinkel differ greatly from those in the case at hand. There the entity seeking to establish the cemetery was an incorporated cemetery association while here the entity is an incorporated religious society. All of the property of a cemetery association is tax-exempt. R.S. 8:2-27. The property of a religious society dedicated to cemetery use, however, is tax-exempt only to the extent of 10 acres. N.J.S.A. 54:4-3.9. And while Schinkel involved a possible exemption of 62 acres, here the congregation seeks to establish a cemetery of only 3 1/2 acres. This factual comparison and review of the statutory changes since the Schinkel decision lead to the conclusion that it is to be distinguished. The situation in Schinkel could only have arisen under the then-existing statutory framework. A municipality no longer has untrammeled power to exempt from taxation unlimited areas used for cemetery purposes. Its power is strictly limited and specifically defined  not more than 3% of the total area of the municipality. The *89 Legislature has specified the extent of tax exemption and the municipality is only the instrument by which the limited exemption is granted.
Further, had the Legislature intended that the municipal consent be given only by ordinance, it could have so provided. But it did not do so although N.J.S.A. 8:3-1 has been amended several times since the Schinkel decision was rendered in 1908.
In view of all of the circumstances, Schinkel must be held inapplicable to the present case. Cf. Burdette v. Fairview, 66 N.J.L. 523 (Sup. Ct. 1901); Dodd v. State Board of Health, 67 N.J.L. 463 (Sup. Ct. 1902). Consequently, the general rule that where there is no specification in the statute the delegated municipal power may be exercised either by ordinance or resolution must be applied. Fraser v. Township of Teaneck, supra; Tumulty v. Jersey City, supra. The resolution conferring the consent on the Congregation B'Nai Israel for the establishment of a cemetery must therefore be held valid.
Judgment will be entered in favor of the defendants. Counsel will submit an appropriate order.