139 N.J. Super. 311 (1976)
353 A.2d 560
STONEHURST AT FREEHOLD, SECTION ONE, INC.; STONEHURST AT FREEHOLD, SECTION TWO, INC.; STONEHURST AT FREEHOLD, SECTION THREE, INC.; STONEHURST AT FREEHOLD, SECTION FOUR, INC.; AND J.D. MANAGEMENT CORPORATION, NEW JERSEY CORPORATIONS, PLAINTIFFS,
v.
TOWNSHIP COMMITTEE OF THE TOWNSHIP OF FREEHOLD AND THE TOWNSHIP OF FREEHOLD IN THE COUNTY OF MONMOUTH, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 4, 1976.
*312 Mr. John R. Orlovsky for plaintiffs (Messrs. Giordano & Halleran, attorneys).
Mr. John A. Kaye for defendants (Messrs. Kaye & Davison, attorneys).
LANE, A.J.S.C.
In this action plaintiffs challenged the validity of a rent leveling ordinance enacted by defendant. The only issue remaining in the case after the grant of partial summary judgment was whether a housing emergency existed at the time of the adoption of the ordinance.
On September 9, 1975 representatives of plaintiffs met with the township committee in an executive meeting. At that meeting three of the five-member committee agreed to enact an amendment that was favorable to plaintiffs and other landlords in the community. At the direction of the three-member majority defendant's attorney drew a consent judgment which the court signed on October 10, 1975, providing that within 60 days the township committee would adopt various amendments to the ordinance. One of the three majority has resigned. The committeeman replacing the resigned member does not agree with the settlement. The ordinance has not been amended.
The matter is before the court on defendant's motion to vacate the judgment and plaintiffs' motion to enforce the judgment.
*313 While a consent judgment is of the nature of both a contract and a judgment, it is not strictly a judicial decree, but rather in the nature of a contract entered into with the solemn sanction of the court. A consent judgment has been defined as an agreement of the parties under the sanction of the court as to what the decision shall be. Fidelity Union Trust Co. v. Union Cemetery Ass'n, 136 N.J. Eq. 15, 25-26 (Ch. 1944), aff'd o.b. 137 N.J. Eq. 455 (E. & A. 1946). A consent judgment has equal adjudicative effect as one entered after trial or other judicial determination. Pope v. Kingsley, 40 N.J. 168, 173 (1963). As such, a consent judgment may only be vacated in accordance with R. 4:50-1. Middlesex Concrete, etc., Corp. v. Carteret, 35 N.J. Super. 226, 235 (App. Div. 1955); Stawicky v. Stawicky, 12 N.J. Super. 72, 78-79 (App. Div. 1951).
R. 4:50-1 reads:
On motion, with briefs, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment, order or proceeding and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.
Defendant argues that it has failed to pass the amendment and thus the judgment is not authorized. In Gifford, adm'r v. Thorn, 9 N.J. Eq. 702, 722-723 (E. & A. 1855), the court stated that the whole inquiry is whether defendants were properly before the court. Defendant's counsel was before the court; therefore, upon the record defendant was presumed to have been properly before the court. The judgment *314 is presumed valid unless it is shown that defendant's attorney had no authority to consent to the judgment.
The direction to the attorney to consent to the judgment was given at an executive session of the governing body. A municipality may, under ordinary circumstances, only act at a public meeting by resolution or ordinance. Fraser v. Teaneck, 1 N.J. 503 (1949); De Muro v. Martini, 1 N.J. 516 (1949); Tumulty v. Jersey City, 57 N.J. Super. 503 (App. Div. 1959); Hecker v. Congregation B'Nai Israel, 75 N.J. Super. 84 (Law Div. 1962). Here the attorney for defendant never received valid authority to consent to the judgment. Under such circumstance it would be an abuse of discretion to compel defendant to comply with the judgment. Defendant will be relieved from the judgment. R. 4:50-1(f); Midtown Properties, Inc. v. Madison Tp., 68 N.J. Super. 197, 207 (Law Div. 1961), aff'd o.b. 78 N.J. Super. 471 (App. Div. 1963). Plaintiffs' motion is denied. Defendant's motion is granted. The matter will be set down for hearing on March 16, 1976 under the guidelines set forth in Hutton Park Gardens v. West Orange, 68 N.J. 543 (1975); Troy Hills Village v. Parsippany, 68 N.J. 604 (1975), and Brunetti v. New Milford, 68 N.J. 576 (1975).