**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2695-16T4

NRJ REALTY, INC. and
NORMAN JEMAL,

    Plaintiffs-Appellants,

v.

JOELLE KORSAK, CRYSTAL ASH,
MONICA KOVBASYUK, SAMANTHA
DILL and HANNAH COLLIER,

    Defendants-Respondents.

_____

        Submitted May 2, 2018 — Decided August 14, 2018

        Before Judges Koblitz and Suter.

        On appeal from Superior Court of New Jersey,
        Law Division, Special Civil Part, Middlesex
        County, Docket No. LT-3914-16.

        Paul J. Sica, attorney for appellants.

        Respondents have not filed a brief.

PER CURIAM

    Plaintiffs NRJ Realty, Inc. (NRJ) and Norman Jemal appeal two

orders entered in a landlord tenant case. The January 20, 2017

order vacated a Consent To Enter Judgment (Tenant Required To

Vacate) (consent order) that included a judgment of possession.

The November 18, 2016 order required plaintiffs to refund to defendants Joelle Korsak, Crysyal Ash, Monica Kovbasyuk, Samantha Dill, and Hannah Collier "Paypal fees" that plaintiff deducted from funds they owed defendants under the consent order. We affirm the orders.

Plaintiffs are the landlords of a property in New Brunswick.[1] In June 2015, the plaintiffs and defendants signed a one-year lease effective on July 1, 2015. The lease required defendants to pay rent of $3500 per month and a $5250 security deposit. Defendants were responsible to pay for all utilities. Rent could be mailed to NRJ or "paid by credit card via Paypal" on a website that was specified. "A fee of no less than 5.3 percent will be charged on all payments made through the website."

In February 2016, defendants stopped paying rent, claiming there were habitability issues with the apartment. On May 3, 2016, plaintiffs filed an eviction complaint for nonpayment of rent, that alleged defendants owed $9636.20 for past due rent,

---

[1] Plaintiffs' brief states that Jemal is the property owner and NRJ is the duly authorized agent of the property. The complaint filed in the Special Civil Part identified NRJ as the owner and Jemal as the agent. The lease lists NRJ without designating it as the landlord, but appears to have been signed by Jemal as landlord.

late fees, water and sewer charges, code violations and municipal court fees.

On June 1, 2016, the parties entered into the consent order, where defendants agreed to "the immediate entry of a judgment for possession." The consent order stated that defendants already had vacated the premises and "waive[d] and release[d] any claims that have been brought or could be brought arising out of the tenancy with the landlord." Defendants agreed to pay $7452 by June 6, 2016 and plaintiffs waived any future claims for "rent, municipal ordinance violations, late fees and attorney fees." Plaintiffs agreed to return defendants' security deposit, less $1222 for water and sewer charges that "remain[ed] due and owing" and $1100 "as damages" for terminating the lease early. The parties agreed that the "balance of the security deposit shall be returned" in thirty days "provided physical damages to not exceed $1500." If they did, tenants would be responsible for the amount over $1500.

On June 29, 2016, Jemal sent each defendant a letter including a "[s]ecurity deposit breakdown" for his/her share of the security deposit. In addition to the $220 per person deduction for early termination and the $224.40 per person charge for water and sewer, plaintiffs deducted Paypal charges, which were calculated using

"a simple percentage of whatever amount was paid via Paypal."[2] Defendants objected to plaintiffs' deduction of Paypal charges because it was not part of the agreement.

In August 2016, defendants filed tenant complaints with the New Brunswick Office of Rent Control, complaining about the condition of plaintiffs' rental property and seeking a monetary credit from plaintiffs for rent they had paid. Following a hearing, the Rent Control Board approved a resolution on November 30, 2016 that credited defendants with $9815.20 for their loss of use of the shower, quiet enjoyment and clothing, the leaking roof and reimbursement for medical co-pays. Plaintiffs were to pay defendants part of that amount in thirty days and the balance thirty days thereafter. Plaintiffs were prohibited from increasing rent for this unit for two years.

While that matter was pending, on September 12, 2016, defendants filed a motion in the landlord tenant case to vacate the June 1, 2016 consent order. Defendants' supporting certification alleged that plaintiffs "breeched [sic] the agreement when [they] returned a portion of the security deposit and withheld Paypal fees," even though plaintiffs had agreed to waive future claims for rent. Defendants complained that they

_____

[2] For defendant Monica Kovbasyuk this totaled $168.59.

were "manipulated into entering the . . . agreement under extreme duress and where [sic] held in the [c]ourthouse for [seven] hour[s]." They stated their settlement was not presented to the judge for approval. Plaintiffs filed a cross-motion in opposition, to enforce the settlement, and for attorney's fees. Plaintiffs' counsel sent a letter to defendants warning them to withdraw their motion or face frivolous litigation sanctions.

On November 18, 2016, the trial court denied defendants' motion, finding "as a matter of law there was no duress" to set aside the consent order. However, the order provided that "all Paypal fees deducted by the [p]laintiff from [d]efendants' security deposit shall be refunded to Defendants within [thirty] days of the date of this order thereafter this case shall be marked settled and dismissed and any [j]udgment for [p]ossession entered against the [d]efendants shall be vacated." The court told plaintiffs' attorney that if plaintiffs did not comply, he would vacate the settlement.

Plaintiffs did not refund the Paypal fees within thirty days as ordered. On December 20, 2016, defendants filed a motion for entry of a default judgment where they requested to vacate the consent order and for the return of all the monies they paid plaintiffs under it, plus attorney's fees, and a return of their security deposit. Plaintiffs opposed the motion. They asserted

that defendants never provided them with the specific amount of the Paypal fees that were deducted or to whom it was owed. They complained that defendants never made payment arrangements as they had promised. Plaintiffs represented that "Paypal" fees are being held in escrow in [their] attorney trust account," and that they were "ready, willing and able" to pay.

The trial court entered an order vacating the parties' settlement agreement on January 20, 2017, after finding plaintiffs did not comply with the November 18, 2016 order. The court noted that the Paypal deduction was made "in disregard of the consent order." The court dismissed the complaint as "moot" because defendants had already surrendered the premises voluntarily. The order provided that the parties were "free to pursue their remedies in other venues."

On appeal, plaintiffs argue that the court erred by modifying the settlement agreement between the parties when it required plaintiffs to refund the Paypal costs. They argue that because they "substantially complied" with the consent order, that the court erred by vacating it.

We afford a deferential standard of review to the factual findings of the trial court. Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 483-84 (1974). These findings will not be disturbed unless they are "so manifestly unsupported by or

inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Id. at 484 (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). However, our review of a trial court's legal determinations is plenary. D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

We discern no error by the court in vacating the consent order. Consent judgments resolving litigation are "not strictly a judicial decree, but rather in the nature of a contract entered into with the solemn sanction of the court." Cmty. Realty Mgmt. v. Harris, 155 N.J. 212, 226 (1998) (quoting Stonehurst at Freehold v. Twp. Comm. of Freehold, 139 N.J. Super. 311, 313 (Law Div. 1976)). A consent judgment is "an agreement of the parties under the sanction of the court as to what the decision shall be." Fid. Union Trust Co. v. Union Cemetery Ass'n, 136 N.J. Eq. 15, 25 (Ch. 1944) (internal citations omitted), aff'd, 137 N.J. Eq. 456 (E & A 1946).

"[A] consent judgment may only be vacated in accordance with R[ule] 4:50-1." Harris, 155 N.J. at 226 (quoting Stonehurst at Freehold, 139 N.J. Super at 313). "Rule 4:50-1 is not an opportunity for parties to a consent judgment to change their minds; nor is it a pathway to reopen litigation because a party

either views his settlement as less advantageous than it had previously appeared, or rethinks the effectiveness of his original legal strategy." <u>DEG, LLC v. Twp. of Fairfield</u>, 198 N.J. 242, 261 (2009).

Under <u>Rule</u> 4:50-1, the trial court may relieve a party from an order or judgment for the following reasons:

> (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under <u>R.</u> 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

A motion for relief under <u>Rule</u> 4:50-1 should be granted sparingly and is addressed to the sound discretion of the trial court, whose determination will not be disturbed absent a clear abuse of discretion. <u>U.S. Bank Nat'l Ass'n v. Guillaume</u>, 209 N.J. 449, 467 (2012). "[A]buse of discretion only arises on demonstration of 'manifest error or injustice[,]'" <u>Hisenaj v. Kuehner</u>, 194 N.J. 6, 20 (2008) (quoting <u>State v. Torres</u>, 183 N.J.

554, 572 (2005)), and occurs when the trial court's decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Guillaume, 209 N.J. at 467.

Here, we find no abuse of discretion by the trial court. The consent order required plaintiffs to return the balance of defendants' security deposit, less certain enumerated deductions that did not include Paypal fees. Although it provided for an additional deduction for damages exceeding $1500, this was for "physical" damages and not for additional fees or costs to the landlord. Therefore, the deduction for Paypal fees was not a deduction that plaintiffs had preserved under the consent order, and instead had obligated themselves to return the balance of the security deposit. The court's November 18 order attempted to enforce the consent order, requiring defendants to refund the Paypal fees within thirty days; it did not add a new term as plaintiffs allege. Because plaintiffs breached the consent order by not paying the security deposit as agreed, the trial court was within his discretion to vacate the judgment under Rule 4:50-1(f) justifying relief from the operation of the consent order. There no longer was the need for a judgment of possession because defendants had moved out of the apartment. A monetary judgment could not be ordered here. See R. 6:3-4. Having not complied,

the court could vacate the order that had entered the judgment of possession. It correctly noted any other remedies had to be pursued in other venues.

Plaintiffs argue that they deposited money with their attorney until defendants confirmed who utilized Paypal and the amounts due. They contend they substantially complied with the court's order to refund the Paypal fees and that the settlement agreement should not have been vacated. However, the record supports that plaintiffs had information about what Paypal fees were paid. They knew what to deposit with their attorney. They could have deposited the money into court. As such, plaintiffs fail to assert "a reasonable explanation why there was not a strict compliance with the directive." Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 353 (2001) (setting forth five elements necessary to invoke the doctrine of substantial compliance).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2695-16T4