**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3766-17T1

VOADV PROPERTY, INC.,

    Plaintiff-Respondent,

v.

JACQUELINE WARREN,

    Defendant-Appellant.

_____

Submitted March 4, 2019 – Decided March 21, 2019

Before Judges Sumners and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. LT-001177-18.

South Jersey Legal Services, Inc., attorneys for appellant (Michael G. Perez and Kenneth M. Goldman, on the briefs).

Kaplin Stewart Meloff Reiter & Stein, PC, attorneys for respondent (Amy L. SantaMaria, on the brief).

PER CURIAM

Defendant Jacqueline Warren appeals from the trial court's April 18, 2018, order denying defendant's motion to vacate a consent judgment and its April 25, 2018, order denying her motion for reconsideration. The matter arises from a summary dispossess action in which plaintiff VOADV Property, Inc. ("VOADV")[1] sought to evict defendant for non-payment of rent. On the date of trial, the parties through counsel negotiated and entered into a consent judgment for possession. On appeal, defendant contends that the consent judgment should be vacated pursuant to Rule 4:50-1 because VOADV's counsel misrepresented to both defendant and her attorney that her housing subsidy could be transferred to other housing. Having reviewed the record and in light of the applicable law, we find that it was a mistaken exercise of the court's discretion to deny defendant's application to vacate the consent judgment.

Plaintiff VOADV operates Moving Forward, a program that subsidizes housing for homeless individuals. As part of Moving Forward, VOADV enters into a master lease agreement with the landlords of various residences and sub-

---

[1] Volunteers of America Delaware Valley is a non-profit faith-based organization that sponsors local human service programs. FAQ, Volunteers of America Delaware Valley, https://www.voadv.org/faq (last visited Mar. 5, 2019).

leases units, with a rental subsidy attached, to program participants who then pay thirty percent of their income toward rent.

In May 2014, defendant and VOADV entered into a sub-lease agreement for defendant's apartment in Blackwood, New Jersey (the "leased premises"). Defendant was a participant in VOADV's Moving Forward program and was required to pay $127.28 monthly for her unit. She lived in the apartment with her disabled daughter until her daughter moved out and she could no longer afford the rent payments.

Defendant failed to pay her rent from June 2017 through March 2018, which resulted in the instant eviction action.

On March 1, 2018, the trial date, defendant, VOADV, and both parties' counsel met to discuss the possibility of entering into a consent agreement. Defendant's counsel certified that VOADV's counsel represented during negotiations that defendant's subsidy "would not be terminated" as an inducement for defendant to move out voluntarily. After negotiations, counsel for both parties reached agreement on the following facts:

> 1. Tenant entered into a written Lease Agreement dated May 1, 2016, for the lease of the property known as 1501 Little Gloucester Road, Blackwood, New Jersey 08102, Apartment B-33 ("the Leased Premises").

2.  The Lease Agreement terminated on April 30, 2017 and has not been extended.

3.  Tenant breached the Lease Agreement by her failure to pay rent to the Landlord when due. Tenant is in arrears for the period June 1, 2017 through and including March, 2018.

4.  The parties have amicably resolved the matter with the terms of resolution placed on the record before the [judge] on March 1, 2018.

It was then ordered that judgment for possession be entered in favor of VOADV; that VOADV immediately apply for issuance of a warrant for removal; and that defendant and all family members vacate the leased premises on or before April 15, 2018.  The terms were placed on the record before the trial court on March 1, 2018 and memorialized in a consent judgment for possession entered on March 6, 2018.

During the course of the hearing at which the terms of the settlement were placed on the record, the trial judge asked defendant on the record whether she was "going to transfer to subsidized housing."  Defendant's counsel answered in the affirmative.  Defendant stated that she had no choice because she was "out on disability."  The judge then stated: "In my experience representing housing authorities from there, the possession does not really affect your right to have that waiver or the voucher to go forward."  VOADV's counsel did nothing to

disabuse the court, defendant or her attorney of their common understanding that the voucher was transferable to other housing.

It was only after the consent judgment was entered that defendant's counsel was advised that the subsidy attached to the specific unit, and not to defendant. Between March 2, 2018 and April 12, 2018, defendant's counsel and VOADV's counsel exchanged emails regarding the nature of defendant's subsidy and status with Moving Forward. VOADV's counsel initially indicated

> there is no subsidy for [defendant]. She was never awarded a voucher and therefore there is nothing in her name to transfer. The subsidy VOADV was applying for the majority of her rent was not in her name. [Defendant] refused to meet with case workers to try to apply for and obtain Section 8 benefits.

When asked to explain the nature of defendant's tenancy, VOADV's counsel indicated

> [Defendant] never qualified for participation in the program and the tenancy. VOA permitted her to occupy the property because of her daughter's disability. She never qualified for a subsidy. She never complied with any program requirements and never showed up for any of the requisite meetings. That is why there is no information that VOADV can provide her with.

VOADV's counsel further indicated that it was her "understanding . . . that [VOADV] made numerous 'exceptions' for [defendant] because of her daughter. [Defendant] never complied with the program requirements and also failed to

5

make her minimal rent payments. The subsidy was not 'hers' and does not follow her." In a follow-up email, VOADV's counsel's indicated that "the actual voucher is attached to the unit and not the tenant." Counsel further indicated, contrary to an earlier email, that defendant initially qualified for the program because she had been homeless for twelve months and she had a documented disability.

On April 13, 2018, defendant filed an application by way of order to show cause to vacate the consent agreement. Defendant certified that "[w]hen [VOADV] offered me the apartment they told me it was a voucher and that I could move with it to anywhere I would want." She further certified that she agreed to move "because I thought I wouldn't lose my voucher and I was seeking a house that would be accessible to me due to my disability in ways my current one isn't." She certified that she "would not have agreed to move had [she] known that [she] would lose [her] voucher" and that she "never received any notices prior to the eviction proceeding that [her] voucher was being terminated or that [she] was terminated from [VOADV's] subsidy program." The court denied defendant's motion to vacate.

On April 23, 2018, defendant filed an application for reconsideration by way of order to show cause. Defendant's counsel's certification in support of

the motion for reconsideration details the email exchange that took place from March through April 2018 between defendant's and VOADV's counsel. Counsel further certified that VOADV's counsel "represented that the subsidy for Ms. Warren's apartment . . . would not be terminated. She further advised that the VOADV would help [defendant] transition into a new tenancy." The trial court denied defendant's motion. The instant appeal followed.

Appellate courts review denials of motions for reconsideration for abuse of discretion. Guido v. Duane Morris L.L.P., 202 N.J. 79, 87 (2010). Motions for reconsideration "shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred[.]" R. 4:49-2.

> Reconsideration should be utilized only for those cases which fall into that narrow corridor in which either 1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence[.]
>
> [Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)).]

Furthermore, "if a litigant wishes to bring new or additional information to the Court's attention which it could not have provided on the first application, the Court should, in the interest of justice (and in the exercise of sound discretion), consider the evidence." Ibid. However, as New Jersey courts have recognized, "motion practice must come to an end at some point, and if repetitive bites at the apple are allowed, the core will swiftly sour. Thus, the Court must be sensitive and scrupulous in its analysis of the issues in a motion for reconsideration." Ibid.

Defendant argues that this court should reverse the trial court's orders denying her motion to vacate the consent judgment and denying her motion for reconsideration because VOADV misrepresented a material fact during its negotiation of the terms of the consent judgment in violation of Rule 4:50-1(c). Specifically, defendant argues that she would not have agreed to vacate the leased premises if VOADV's counsel had not stated during negotiations that defendant would be able to keep her housing subsidy after vacating the apartment. Defendant's position is amply borne out by the record, and requires reversal of the court's orders.

Consent judgments are authorized by Rule 4:42-1, Midland Funding, L.L.C. v. Giambanco, 422 N.J. Super. 301, 310-11 (App. Div. 2011), and "ha[ve]

been characterized as being 'both a contract and a judgment[;] it is not strictly a judicial decree, but rather in the nature of a contract entered into with the solemn sanction of the court.'" Cmty. Realty Mgmt., Inc. for Wrightstown Arms Apartments v. Harris, 155 N.J. 212, 226 (1998) (quoting Stonehurst at Freehold v. Twp. Comm. of Freehold, 139 N.J. Super. 311, 313 (Law Div. 1976)) (citations omitted). "[A] consent judgment may only be vacated in accordance with R. 4:50-1." Ibid.; see also DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009) ("The rule does not distinguish between consent judgments and those issued after trial. So long as the judgment is final, the rule is applicable.").

"The decision whether to grant [a motion under Rule 4:50-1] is left to the sound discretion of the trial court, and will not be disturbed absent an abuse of discretion." Mancini v. EDS ex rel N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993) (citing Ct. Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)). "That discretion is a broad one to be exercised according to equitable principles, and the decision reached by the trial court will be accepted by an appellate tribunal in the absence of an abuse of its discretion." Perillo, 48 N.J. at 341.

Parties may move to vacate

> a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence

could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

[R. 4:50-1.]

To vacate an order under Rule 4:50-1(c), a party must prove "fraud . . . , misrepresentation, or other misconduct of an adverse party."  "Every fraud in its most general and fundamental conception consists of the obtaining of an undue advantage by means of some act or omission that is unconscientious or a violation of good faith."  Jewish Ctr. of Sussex Cty. v. Whale, 86 N.J. 619, 624 (1981) (citing 3 J. Pomeroy, A Treatise on Equity Jurisprudence, 421 (5th ed. 1941)).  When a party is not seeking damages, she "need establish only equitable fraud[.] . . .  In order to prove equitable fraud, a party must demonstrate a material misrepresentation made with intent that it be relied on, coupled with actual detrimental reliance."  Nolan v. Lee Ho, 120 N.J. 465, 472 (1990) (citing Jewish Ctr., 86 N.J. at 625).

As stated, the record supports defendant's assertion that counsel for VOADV misrepresented the status of her voucher as an inducement to have defendant sign the consent order and agree to vacate the premises. This was clearly material to her decision to leave voluntarily. That the misrepresentation was made is borne out by the certification of defendant's counsel, and the comments by the judge on the record that he believed her voucher would be transferrable, comments that went unchallenged by VOADV's counsel. Under the factual circumstances presented here, the trial court's exercise of discretion was mistaken as defendant's "agreement" was based on that misrepresentation.[2]

Having determined that the denial of defendant's motion to vacate must be reversed pursuant to Rule 4:50-1(c), we find it unnecessary to address defendant's alternative argument that Rule 4:50-1(b) provides an independent basis to grant her relief.

To the extent any remaining arguments are not addressed herein, we find them to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reversed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] This decision is without prejudice to VOADV's ability to file a new action for possession, if the present circumstances warrant it.

A-3766-17T1