**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3324-18T3

LAKEWOOD CITIZENS FOR
FISCAL INTEGRITY, and
LARRY S. LOIGMAN,

       Plaintiffs-Appellants,

v.

TOWNSHIP OF LAKEWOOD,
RAYMOND COLES and
THOMAS L. HENSHAW,

       Defendants-Respondents.

_____

Argued December 18, 2019 – Decided January 8, 2020

Before Judges Whipple, Gooden Brown, and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-2493-18.

Larry S. Loigman, appellant, argued the cause pro se, and for appellant Concerned Citizens for Fiscal Integrity.

Kevin B. Riordan argued the cause for respondents (Kevin B. Riordan, LLC, attorneys; Kevin B. Riordan and Gary P. McLean, on the brief).

PER CURIAM

Plaintiffs appeal from a March 1, 2019 order, dismissing their complaint in lieu of prerogative writs.  We affirm.

By way of resolution, defendant Thomas L. Henshaw was appointed municipal manager of the Township of Lakewood in February 2015.  Henshaw's employment agreement provided:

> Henshaw may be removed from his position during the term of this agreement in accordance with the Ordinances of the Township of Lakewood and N.J.S.A. 40A:9-138; specifically, by two thirds . . . vote of the full five . . . members of the Governing Body. Said Resolution of the Governing Body for the removal of Henshaw shall become effective six months after adoption by the Governing Body.  The Governing Body may provide that the Resolution shall have immediate effect provided, however, that the governing Body shall . . . cause to be paid to Henshaw his salary for the next six . . . calendar months following adoption of the said Resolution with health benefits included i[f] Henshaw is using Township health benefits.  Said salary shall be paid to Henshaw during said six . . . month period in the same installments and at the same intervals as other Township employees, unless other arrangements are made and agreed upon by both parties.
>
> . . . .
>
> [Henshaw] may submit a resignation to the Township Council [sic] no less than two . . . weeks in advance or no more than thirty . . . days . . . of the effective date of the resignation unless agreed upon by the Mayor and Committee.

A-3324-18T3

In September 2018, Henshaw and the governing body had a dispute. Henshaw and Lakewood's mayor, defendant Raymond Coles, entered into a "Separation Agreement and General Release" stating Henshaw would receive salary and other benefits for the remainder of 2018 of $4130, $215,000 representing his annual 2019 salary, and $50,593.98 for accumulated leave time. The agreement granted Henshaw health and spousal benefits until the end of 2018, and Medicare supplement benefits for 2019. The Township reported the discontinuation of Henshaw's appointment to the Civil Service Commission effective September 5, 2018.

Plaintiffs filed a complaint in lieu of prerogative writs in October 2018, to set aside the agreement. Defendants filed a motion to dismiss for failure to state a claim the following month. Plaintiffs cross-moved for restraints against any payments to Henshaw under the agreement. On January 1, 2019, the Township Committee held a reorganization meeting and ratified the agreement via resolution, which in pertinent part stated:

> WHEREAS, the Township Committee of the Township of Lakewood has entered into a Separation Agreement and General Release with Thomas Henshaw; and
>
> WHEREAS, the Township Committee of the Township of Lakewood understands the terms of the Separation Agreement and General Release and intends

that the Township be bound by the Separation Agreement and General Release, a copy of which is annexed hereto and incorporated herein; and

WHEREAS, the Township Committee of the Township of Lakewood wishes to have the Mayor execute the Separation Agreement and General Release on behalf of the Township of Lakewood.

NOW, THEREFORE, BE IT RESOLVED by the Township Committee of the Township of Lakewood that the Separation Agreement and General Release entered into on September 5, 2018 between the Township of Lakewood and Thomas Henshaw is hereby approved and ratified.

Plaintiffs amended their complaint to reference the resolution before oral argument of the motions.

The motion judge determined there was no statutory violation because the agreement was for a severance and general release of claims between the parties. The judge concluded the resolution adopting the agreement cured any statutory defect and did not require the adoption of an ordinance because the Township "only need[s] an ordinance if [it is] creating a new law." The judge dismissed plaintiffs' complaint and denied their motion for restraints.

Appellate review of a trial court's ruling on a motion to dismiss is de novo. Watson v. Dep't of Treasury, 453 N.J. Super. 42, 47 (App. Div. 2017). "A complaint should be dismissed for failure to state a claim pursuant to Rule 4:6-

2(e) only if 'the factual allegations are palpably insufficient to support a claim upon which relief can be granted.'" Frederick v. Smith, 416 N.J. Super. 594, 597 (App. Div. 2010) (quoting Rieder v. State Dep't of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987)). "This standard requires that 'the pleading be searched in depth and with liberality to determine whether a cause of action can be gleaned even from an obscure statement.'" Ibid. (quoting Seidenberg v. Summit Bank, 348 N.J. Super. 243, 250 (App. Div. 2002)).

On appeal plaintiffs argue as follows: (1) the severance agreement is inconsistent with Henshaw's employment contract, local ordinance, and state statute regarding removal of administrators; (2) the Lakewood ordinance requires Henshaw be "paid only to the date of actual termination of duties;" (3) the ratification of the agreement by resolution was invalid because Henshaw's employment was subject to statute and the municipal ordinance and could not be altered by resolution; (4) the taxpayers should "have had an opportunity to be heard before that ordinance was changed for the special benefit of Henshaw;" and (5) the motion judge failed to make adequate findings of fact or conclusions of law.

N.J.S.A. 40A:9-136 states a municipal administrator "shall receive such compensation as the ordinance creating such office shall provide and as from

5

time to time may otherwise be directed by the governing body by ordinance."

N.J.S.A. 40A:9-138 provides:

> The municipal administrator may be removed by a [two-thirds] vote of the governing body. The resolution of removal shall become effective [three] months after its adoption by the governing body. The governing body may provide that the resolution shall have immediate effect; provided, however, that the governing body shall cause to be paid to the administrator forthwith any unpaid balance of his salary and his salary for the next [three] calendar months following adoption of the resolution.

Section 2:10.2(b) of the Lakewood Township Municipal Code governs removal of the Township's municipal manager. It states:

> The Township Committee may remove the Manager at any time by a [two-thirds] vote of its members. The resolution of removal shall become effective three . . . months after its adoption by the Township Committee unless the resolution provides that it shall have immediate effect. If it is to have immediate effect, the Township Committee shall cause to be paid to the Municipal Manager any unpaid balance of his salary to the date of termination of employment and in addition his salary for the next three . . . calendar months following the adoption of the resolution. This three-month provision shall not apply in the event the Municipal Manager voluntarily terminates employment by resigning the office or position. In such event the Manager shall be paid only to the date of actual termination of duties. The Manager shall give three-months['] notice to terminate prior to voluntary resignation from office.

[Township of Lakewood Mun. Code, §2:10.2(b) (emphasis added).]

The salary of every local government employee must be fixed by ordinance. See N.J.S.A. 40A:9-165; Cooper v. Mayor, 299 N.J. Super. 174, 179 (App. Div. 1997); City of Ocean City v. Somerville, 403 N.J. Super. 345, 369 (App. Div. 2008). An ordinance—unlike a resolution—requires notice and a public hearing, giving taxpayers an opportunity to voice their opinions. See N.J.S.A. 40:49-2. "Increases, decreases or any other modifications must also be approved by ordinance." McCurrie v. Town of Kearny, 344 N.J. Super. 470, 478 (App. Div. 2001), rev'd on other grounds, 174 N.J. 523 (2002) (citing N.J.S.A. 40A:9-165). "'[W]hen the law requires a proceeding to be instituted by an ordinance, it cannot be effected by resolution,'" id. at 480 (quoting Chasis v. Tumulty, 8 N.J. 147, 153 (1951), but "'where a statute fails to indicate whether the power should be exercised by ordinance or resolution, it may be done by either means.'" Ibid. (quoting Fraser v. Twp. of Teaneck, 1 N.J. 503, 507 (1949)). "Accordingly, in the absence of statutory language to the contrary, a local government may enter into a contract by the passage of a resolution." Ibid. (citation omitted).

We reject plaintiffs' argument the agreement and the resolution violated the statute and the ordinance. N.J.S.A. 40A:9-136 and Section 2:10.2(b) of the

Lakewood Township Municipal Code did not govern the circumstances of Henshaw's separation because the Township did not vote to remove him, and Henshaw did not resign from office. Rather, as in McCurrie, Henshaw entered into a separation agreement with the Township, whereby the two parted ways in consideration for the payment of a severance and other benefits. McCurrie, 344 N.J. Super. at 480. As it was in McCurrie, Henshaw "was not being compensated for the performance of personal services. He had a right to continue in the job, but gave up that right under the terms of the agreement. The agreement was contractual, not legislative in nature, and as such a resolution is sufficient." Ibid. The dispute and agreement "were comparable to the buy-out of an employment contract, not to the fixing of salary or wages." Id. at 481.

Furthermore, the passage of a resolution was a valid means of adopting the agreement.

> [A] municipality can ratify a contract entered into by an unauthorized agent as long as such contract is one within the corporate powers and not [u]ltra vires in the primary sense as entirely beyond municipal jurisdiction. The ratifying power exists when the deficiency invalidating the municipal contract consists only in the lack of a proper authorization on the part of the party executing it on behalf of the municipality. The public is not disserved by this doctrine for the responsible officials who should have properly made the agreement are not bound by their subsequent

> acceptance of it through the means of ratification unless they are acquainted with all the material facts.
>
> [Johnson v. Hosp. Serv. Plan of N.J., 25 N.J. 134, 140 (1957) (internal citations omitted).]

An ordinance was not required because the agreement did not involve Henshaw's removal, and thus did not concern N.J.S.A. 40A:9-136 or Section 2:10.2(b) of the Lakewood Township Municipal Code. Moreover, as stated in Johnson, the resolution memorialized that the governing body reviewed the agreement, understood its terms, and ratified it. Therefore, plaintiffs lacked a valid argument evidencing the procedure utilized was improper.

Finally, we reject plaintiffs' argument the judge made inadequate findings pursuant to Rule 1:7-4(a). The judge made the necessary findings to adjudicate the motions. He explained the following: Henshaw was neither terminated nor unilaterally resigned, but instead the parties contracted for his separation from the Township; the reasons an ordinance was not required to resolve the dispute; and why any purported violation was cured by the resolution on which the Township Committee had an opportunity to review before passing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3324-18T3