**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0076-19T2

AMIT RAY,

      Plaintiff-Respondent,

v.

ALPER TORUNOGLU,

      Defendant-Appellant.

_____

Submitted October 28, 2020 - Decided December 4, 2020

Before Judges Geiger and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. LT-4014-19.

Alper Torunoglu, appellant pro se.

Respondent has not filed a brief.

PER CURIAM

In this landlord-tenant matter arising from an action for non-payment of rent pursuant to N.J.S.A. 2A:18-61.1(a), defendant Alper Torunoglu appeals pro se from an order dated June 12, 2019, that (1) required him to post $8000 in unpaid rent with

the court; and (2) upheld plaintiff Amit Ray's rent increase. Defendant also appeals the court's July 24, 2019 denial of his motion for reconsideration. Having reviewed the record and considering the applicable law, we affirm.

We discern the following facts from the record. Since 2010, defendant has rented a condominium that is owned and maintained by plaintiff. On July 15, 2016, the parties executed a written lease that was in effect from July 1, 2016 to June 30, 2017. The monthly rent under the 2016 lease was $2000. On April 5, 2017, plaintiff sent defendant a "notice of non-renewal of lease" that stated, in pertinent part, that defendant's current lease "will expire at midnight on June 30th, 2017 and the lease will not be renewed."

After the expiration of the written lease agreement, defendant continued to reside on the property as a holdover tenant on a month-to-month basis. After plaintiff initiated proceedings for eviction, defendant then sent plaintiff a letter, dated April 25, 2018, detailing several issues with respect to the premises. On October 10, 2018, Judge J. Randall Corman ordered that defendant deposit unpaid rent of $6000 into court and scheduled a Marini[1] hearing for October 15, 2018.

---

[1] In Marini v. Ireland, the Court afforded residential tenants an additional remedy that permits them to remain in possession of the property, make reasonable repairs, and deduct the cost of the repairs from future rents. 56 N.J. 130, 146 (1970).

A-0076-19T2

On October 15, 2018, plaintiff's counsel sent defendant, via certified mail return receipt requested and regular mail, a notice to quit and a notice of rent increase pursuant to N.J.S.A. 2A:18-61.1(f).[2] The notice advised that effective December 1, 2018, the rent would be increased to $2180, and that failure to pay the increased rent would constitute grounds for eviction.

On February 6, 2019, plaintiff and defendant entered into a consent judgment resolving all Marini and increased rent issues. The agreement, which deemed defendant a month-to-month tenant, required that defendant pay $8000 into court for unpaid rent. The agreement also required plaintiff to replace the downstairs toilet, re-grout the upstairs shower, and hire a plumber to inspect the leaks in the upstairs hallway within thirty days. The agreement maintained the $2000 monthly rent "until this settlement agreement is over."

On April 27, 2019, plaintiff filed a new verified complaint in Middlesex County seeking unpaid rent, in the amount of $4360, for both March and April 2019. The complaint alleged that defendant has habitually failed to pay rent, N.J.S.A. 2A:18-61.1(j).

---

[2] N.J.S.A. 2A:18-61.1(f) establishes that a tenant may be removed if the tenant "has failed to pay rent after a valid notice to quit and notice of increase of said rent, provided the increase in rent is not unconscionable and complies with any and all other laws or municipal ordinances governing rent increases."

A-0076-19T2

Judge Corman presided over a bench trial on June 12, 2019. Plaintiff testified that defendant's monthly rent had not been increased since 2014. He averred that since 2014 there had been increases in real estate taxes, property insurance, and the condominium fee. Plaintiff also testified that the $180 (or nine percent) increase in rent did not fully cover the increased costs associated with the property.

On cross-examination, plaintiff acknowledged the consent judgment required him to look at the leak in the upstairs hallway and admitted that no one has done so. Plaintiff testified, however, that he told defendant to call a contractor to better accommodate defendant's schedule and then to have the contractor reach out to plaintiff about payment. Plaintiff stated that the toilet was replaced, the shower was re-grouted, and that he expected the same thing to be done with respect to the leak in the upstairs hallway.

After hearing the testimony and reviewing the record, Judge Corman found that East Brunswick had not enacted a rent control ordinance, and that there had been no rent increase for four years. The judge held that, under these circumstances, the rent increase was not unconscionable.

Judge Corman determined that a Marini hearing was not appropriate because there was no dispute that a plumber was required to examine the leaks in the upstairs hallway. The judge ultimately concluded that defendant was to post $8000 for the

4

four months of unpaid rent and, after plaintiff obtained a plumber to examine the leak in the upstairs hallway, the $8000 would be released to plaintiff and the rent would increase to $2180.

Defendant subsequently filed a motion for reconsideration, which was denied on July 24, 2019.

On appeal, defendant raises the following points for our consideration:

POINT I

THE COURT FAILED TO APPLY THE ANTI-REPRISAL LAWS OF THIS STATE, [N.J.S.A.] §§ 2A:42-10.10 – §§ 10.14.

POINT II

THE TRIAL COURT IGNORED A CONTRACT BETWEEN THE PARTIES IN VIOLATION OF LAWS GOVERNING CIVIL CONTRACTS.

POINT III

THE TRIAL COURT FAILED TO AWARD DAMAGES FOR CONTINUED VIOLATIONS OF IMPLIED WARRANTY OF HABITABILITY DURING OR AFTER ITS JUNE 12, 2019 ORDER.

POINT IV

THE TRIAL COURT'S FAILURE TO TAKE INTO ACCOUNT THE [PLAINTIFF-LANDLORD'S] TESTIMONY FOR [HIS] DESIRE TO REMOVE THE DEFENDANT-TENANT FROM THE PROPERTY IS A MISTAKE OF LAW AND BEREFT OF ANY

5

CORRELATION BETWEEN THE RELEVANT FACT AND THE LAW.

POINT V

THE [PLAINTIFF-LANDLORD'S] CONTINUED VIOLATIONS OF THE IMPLIED WARRANTY OF HABITABILITY IS A BREACH OF CONTRACT AND BARS [HIM] AS A MATTER OF LAW FROM ANY MODIFICATION TO THE CONTRACT; E.G. RENT INCREASE.

POINT VI

THE RENT INCREASE ATTEMPTED BY THE PLAINTIFF-LANDLORD[] IS MOTIVATED BY [HIS] DESIRE TO PUSH THE DEFENDANT-TENANT OUT OF THE PROPERTY, HENCE THE NOTICE SENT IS AN ACT CARRIED OUT WITH THE INTEN[T] TO CAUSE ANNOYANCE AND HARASSMENT WHICH IS IN VIOLATION OF CIVIL HARASSMENT LAWS OF THIS STATE.

POINT VII
THE TRIAL COURT FAILED TO OBTAIN THE NECESSARY PROOFS ABOUT THE [PLAINTIFF-LANDLORD'S] ALLEGED INCREASED EXPENSES FOR THE RENTAL PROPERTY.

We afford a deferential standard of review to the factual findings of the trial court on appeal from a bench trial. Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 483-84 (1974). These findings will not be disturbed unless they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Id. at 484 (quoting

Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)).  Our review of a trial court's legal determinations is plenary.  D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

At the outset, we reject defendant's arguments pertaining to the alleged breach of the implied warranty of habitability.  That issue was resolved, on February 6, 2019, when the parties voluntarily executed the consent judgment.  See Midland Funding, L.L.C. v. Giambanco, 422 N.J. Super. 301, 310 (App. Div. 2011) (characterizing a consent judgment as "both a contract and a judgment[;] it is not strictly a judicial decree, but rather in the nature of a contract entered into with the solemn sanction of the court") (alteration in original) (quoting Stonehurst at Freehold v. Twp. Comm. of Freehold, 139 N.J. Super. 311, 313 (Law Div. 1976)). We agree with the trial judge that a Marini hearing was not warranted under these circumstances because there was no dispute that plaintiff, pursuant to the consent judgment, was still required to obtain a plumber to examine the leaks in the upstairs hallway.  To the extent defendant claims that the third condition of the consent judgment remains unfulfilled, he is free to file a motion to enforce that condition of the settlement with the trial court.

A-0076-19T2

We also reject defendant's argument that the trial judge erred in concluding that the rent increase was not unconscionable.

In determining what qualifies as "unconscionable," trial courts generally consider:

> (1) the amount of the proposed rent increase; (2) the landlord's expenses and profitability; (3) how the existing and proposed rents compare to rents charged at similar rental properties in the geographic area; (4) the relative bargaining position of the parties; and (5) based on the judge's general knowledge, whether the rent increase would 'shock the conscience of a reasonable person.'
>
> [Fromet Properties, Inc. v. Buel, 294 N.J. Super. 601, 614 (App. Div. 1996).]

In Fromet Properties, we emphasized that there "may be other factors which, on a case-by-case basis, a court may consider, and therefore this enumeration shall not be deemed exhaustive." Ibid.

In this case, Judge Corman's conclusion that the $180 rent increase was not unconscionable is amply supported by plaintiff's testimony that since 2014 there have been increases in real estate taxes, property insurance, and condominium fees. Plaintiff testified that the $180 increase did not completely cover these increased costs. Plaintiff also testified that the monthly rent was $2000 since 2014, almost four years. That there had been no increase in rent for the previous four years was an appropriate factor for the judge to consider in supporting his conclusion that the

A-0076-19T2

modest rent increase was conscionable. See Fromet Properties, Inc., 294 N.J. Super. at 615 ("although the increase in rent here was 28%, this fact is mitigated by the absence of any rent increase during the prior three-year period."). Accordingly, we affirm the trial judge's ruling that the rent increase was conscionable under these circumstances.

To the extent that we have not addressed defendant's remaining arguments, we conclude that they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION